Francisco Eugenio MARTINEZ,
Plaintiff-Appellant,

v.

Fred M. WINNER, Chief Judge of the United States District Court for the District of Colorado, individually and in his official capacity; Joseph M. Dolan, United States Attorney for the District of Colorado, individually and in his official capacity; Susan Roberts, Assistant United States Attorney, individually and in her official capacity; John R. Barksdale, Assistant United States Attorney, individually and in his official capacity; Dan Christopher, Assistant United States Attorney, individually and in his official capacity; Jan Chapman, Assistant United States Attorney, individually and in her official capacity; United States Department of Justice, a governmental entity; Federal Bureau of Investigation, a governmental entity; "John Doe" and other unnamed and unknown agents in the Denver Office of the Federal Bureau of Investigation, individually and in their official capacities; Matt Dunn, Deputy United States Marshal, individually and in his official capacity; Peyton Baer, Deputy United States Marshal, individually and in his official capacity; Les Weisenhorn, Deputy United States Marshal, individually and in his official capacity; City and County of Denver, a governmental entity; Dale A. Tooley, District Attorney for the City and County of Denver, individually and in his official capacity; Castelar Garcia, Jr., Deputy District Attorney, individually and in his official capacity; City of Denver Police Department, a governmental entity; Arthur Dill, Chief of Police, individually and in his official capacity; Robert Shaughnessy, Chief, City of Denver Police Department, individually and in his official capacity; Robert Nicoletti, Captain, Denver Police Department, individually and in his offical capacity; J.C. Tyus, Detective, Denver Police Department; "John Does," and other unnamed and unknown agents of the Denver Police Department; Sandy Spencer and Peter Webb, Defendants-Appellees.

No. 82–2110.

United States Court of Appeals,
Tenth Circuit.

Submitted July 11, 1986.
Decided Aug. 29, 1986.

Adele Graham of Graham & Graham, Denver, Colo. and David Graham of Graham & Graham, San Luis, Colo. (Dan Stormer of Litt & Stormer, Los Angeles, Cal. and James I. Meyerson, New York City, with them on brief), for plaintiff-appellant.

Gary T. Cornwell of McGuire, Cornwell & Blakely, Denver, Colo. for defendant-appellee Winner.

Mark B. Stern, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C. (Rich-

ard K. Willard, Acting Asst. Atty. Gen., Barbara L. Herwig, Dept. of Justice, Washington, D.C. and Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for defendants-appellees Dolan, Roberts, Barksdale, Chapman, Christopher, Dept. of Justice, F.B.I., Dunn, Baer and Weisenhorn.

Daniel J. Sears, Denver, Colo., for defendant-appellee Spencer.

Jeffrey A. Chase of Holme, Roberts & Owen, Denver, Colo. (Carol H. Green of Holme, Roberts & Owen, Denver, Colo., with him on brief), for defendant-appellee Webb.

David R. Brougham of Hall & Evans, Denver, Colo., for defendants-appellees Tooley and Garcia.

John R. Flanders of Halaby & McCrea, Denver, Colo. (Theodore S. Halaby and Leslie L. Schluter of Halaby & McCrea, Denver, Colo. and Steven M. Munsinger, of Keene, Munsinger & Stuckey, Denver, Colo., with him on brief), for defendants-appellees City and County of Denver, City of Denver Police Dept., Dill, Shaughnessy, Nicoletti and Tyus.

Before LAY,[*] Chief Judge, BRIGHT,[*] and ARNOLD,[*] Circuit Judges.

ARNOLD, Circuit Judge.

The Supreme Court of the United States has vacated the judgment of this Court and remanded the case for us to consider whether it has become moot. *Tyus v. Martinez,* — U.S. ——, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986).

The plaintiff has directed his counsel to withdraw from active participation and to conduct no additional business on his behalf in this case. This instruction to counsel, of which we had no knowledge at the time our previous opinions were filed, makes this case moot. There can be no live controversy without at least two active combatants.

The judgment of this Court has already been vacated by the Supreme Court. It was vacated, however, only for the limited purpose of enabling us to consider whether the case had become moot. Having now determined that it is moot, and in order to avoid any misunderstanding, we now declare our judgment vacated on the ground of mootness. We also remand this cause to the District Court with directions to vacate its judgment and dismiss the complaint as moot. See *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). This order will remove "both the *res judicata* and the *stare decisis* effect of the vacated judgment[s]," in this case the judgments of this Court and of the District Court. *United States v. National Bank of Commerce,* 775 F.2d 1050, 1050 (8th Cir.1985).

Counsel for the federal appellees, for J.C. Tyus, and for the City and County of Denver also request that we vacate our previous opinions. We are not sure what such a request means in practical effect. The opinions have been published in bound volumes of the *Federal Reporter, Second Series,* and no action by this or any other Court can change that fact retroactively. Furthermore, the opinions may be useful to someone in the future simply as a description of the course of this case. We have already stated that our previous judgment is vacated. The request to vacate our opinions, if in fact it asks for some separate or different relief, is denied.

It is so ordered.

[*] The Hon. Donald P. Lay, Chief Judge, United States Court of Appeals for the Eighth Circuit, and the Hon. Myron H. Bright and the Hon. Richard S. Arnold, United States Circuit Judges for the Eighth Circuit, sitting by designation.