826 F.2d 948
 TOSCO CORPORATION; Energy Resources Technology Land, Inc.;
Joseph B. Umpleby; Wasatch Development Company; Barnette
T. Napier; Grace A. Savage; Joan L. Savage; Maude B.
Farnum; St. Clair Napier Castlin; William H. Farnum, Jr.;
John R. Farnum; John W. Savage; Neil S. Mincer; Penelope
Chase Brown, Individually and as trustee; Amerada Hess
Corporation; the Louisiana Land and Exploration Company;
Huntington Hartford; Mrs. Charles H. Prien; Charles H.
Prien Estate; Skyline Oil Company; Alan M. Stroock;
Equity Oil Company; Exxon U.S.A., Inc., successors in
interest to Weber Oil Company; Harlan H. Hugg; Dorothy D.
Hugg; Union Oil Company of California, a corporation;
Gabbs Exploration Company; Tell Ertl; Henry L. Price;
Charles Holmes; Laird K. Smith; United States Bank of
Grand Junction, as Executors of the will of Silmon Smith,
deceased; Energy Resources Technology Land, Inc.; Equity
Oil Company, formerly Weber Oil Company, Plaintiffs-Appellees,
v.
Donald P. HODEL, Secretary of the Interior, Defendant-Appellant.
 Nos. 85-1968, 85-2205, 86-1082, 86-1083, 86-1090 and
86-1092--86-1097.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 12, 1987.
 
 Before McKAY, SEYMOUR and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This matter comes on for consideration of the stipulation of settlement, dated July 17, 1987, and joint motion of the parties to dismiss the appeals in the captioned cases.
 
 
 2
 Upon consideration whereof, the court concludes that, by reason of the execution of the settlement agreement and of the material performance of its terms by the parties, all disputed issues involved in the pending appeals have become moot, and there is no further case or controversy pending before this court requiring resolution.
 
 
 3
 The court further concludes that, under the decisions of the United States Supreme Court in Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983), and in Great Western Sugar Co. v. Nelson, 422 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979), it is now this court's duty to vacate the judgments appealed from as moot, dismiss the above-captioned appeals as moot, and remand with instructions to dismiss the actions as moot, all of which the parties have expressly requested in their joint motion.
 
 The court, therefore, orders as follows:
 
 4
 1. All of the judgments entered in the United States District Court for the District of Colorado, in the civil actions and on the dates listed below, are hereby vacated as moot. These judgments are as follows:
 
 
 5
 Case Caption Civil Action No.
------------ ----------------
Tosco Corp., et al. v. Hodel C-8680 May 1, 1985,
 June 13, 1985 &
 November 19, 1985
Umpleby, et al. v. Hodel C-8685 May 1, 1985
Napier, et al. v. Hodel C-8691 May 1, 1985 and
 June 13, 1985
Brown, et al. v. Hodel C-9202 May 1, 1985
Savage, et al. v. Hodel 83-F-1838 November 19, 1985
Equity Oil Co., et al. v. Hodel 83-F-1837 November 19, 1985
Hugg, et al. v. Hodel 9252 November 19, 1985
Savage v. Hodel 9458 November 19, 1985
Union Oil Company of California v. 9461 November 19, 1985
 Hodel
Equity Oil Company v. Hodel 9464 November 19, 1985
Gabbs Exploration Company v. 9464 November 19, 1985
 Hodel
Tosco Corp. v. Hodel 9465 November 19, 1985
 
 
 6
 2. All findings of fact and conclusions of law embodied in the memorandum opinion and order issued on May 1, 1985, by the United States District Court for the District of Colorado in civil actions, numbered C-8680, C-8635, C-8691, C-9202, as thereafter amended and reported as Tosco Corp. v. Hodel, 611 F.Supp. 1130, are hereby vacated as moot.
 
 
 7
 3. Each of the above-captioned consolidated appeals (Nos. 85-1968, 85-2205, 86-1082, 86-1083, 86-1090, 86-1092, 86-1093, 86-1094, 86-1095, 86-1096, 86-1097) is hereby dismissed as moot and the cases remanded to the United States District Court for the District of Colorado with instructions to vacate as moot the administrative decisions for which review was sought in the civil actions listed in paragraph 1 of this order and to dismiss as moot the civil actions (as listed in paragraph 1 of this order) that gave rise to said appeals. This order shall be published.