898 F.2d 18
 George CLIPPER, Plaintiff-Appellee,
v.
TAKOMA PARK, MARYLAND, Defendant-Appellant,
and
National Permanent Federal Savings & Loan Association, a
National Banking Association; Prince George's
County; Grant A. Starkey, Defendants.
 No. 88-1011.
 United States Court of Appeals,
Fourth Circuit.
 July 28, 1989.
Order on Request to Withdraw
Opinion Oct. 19, 1989.
 
 1
 ON PETITION FOR REHEARING WITH SUGGESTION FOR REHEARING IN BANC
 
 
 2
 The appellant's petition for rehearing and suggestion for rehearing in banc were submitted to this Court.
 
 
 3
 On the question of rehearing before the panel, Circuit Judges SPROUSE, MURNAGHAN and WILKINS voted to deny.
 
 
 4
 In a requested poll of the Court on the suggestion for rehearing in banc, Circuit Judges RUSSELL, WIDENER, CHAPMAN, and WILKINSON voted to rehear the case in banc; and Circuit Judges ERVIN, WINTER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, and WILKINS voted against in banc rehearing.
 
 
 5
 As the panel considered the petition for rehearing and is of the opinion that it should be denied, and as a majority of the active circuit judges voted to deny rehearing in banc,
 
 
 6
 IT IS ADJUDGED AND ORDERED that the petition for rehearing and suggestion for rehearing in banc are denied.
 
 
 7
 Entered at the direction of Circuit Judge SPROUSE.ORDER ON REQUEST TO WITHDRAW OPINION
 
 
 8
 On July 28, 1989, this court entered an Order denying Takoma Park's petition for rehearing and suggestion for en banc consideration. Takoma Park, by letter received in the Clerk's Office on July 27, 1989, advised that the parties had settled the case. Judge Widener requested that the panel withdraw its previously-issued opinion. Upon the panel's decision not to withdraw it, Judge Widener requested a vote of an en banc court on the question of whether it should be withdrawn. On that issue, a majority of the court voted not to require the panel to withdraw its opinion, with Circuit Judges RUSSELL, WIDENER, and CHAPMAN voting to the contrary.
 
 
 9
 It is, therefore, ORDERED that the opinion previously issued by the panel remain in effect.
 
 
 10
 Circuit Judge WIDENER files the attached dissent.
 
 WIDENER, Circuit Judge, dissenting:
 
 11
 The instant case became moot before this court denied appellant's petition for rehearing and suggestion for rehearing en banc, thus depriving this court of jurisdiction to do anything other than withdraw its decision and opinion and vacate the judgment below with instructions to dismiss. I respectfully dissent, therefore, from the court's refusal to consider en banc whether the order denying the petition for rehearing and suggestion for rehearing en banc properly was entered.
 
 
 12
 * On May 30, 1989 a panel of this court, by published opinion, affirmed the judgment of the district court in this case. Clipper v. Takoma Park, 876 F.2d 17 (4th Cir.1989). On June 13, 1989 appellant timely filed a petition for rehearing and suggestion for rehearing en banc. See Appellant's Petition for Rehearing and Suggestion for Rehearing En Banc; Fed.R.App.P. 40(a) (petition for rehearing may be filed within 14 days after entry of judgment). On July 27, 1989 at the latest, this court received notice that "settlement of all the claims in the case ... has been effected." Letter from Edward L. Genn to Clerk of the Court (July 21, 1989).[1] Nevertheless, on July 28, 1989, this court entered an order denying appellant's petition for rehearing and suggestion for rehearing en banc. Order Denying Petition for Rehearing and Suggestion for Rehearing En Banc, Clipper v. Takoma Park, 876 F.2d 17 (4th Cir.1989). Because the settlement left the court with no case or controversy in which to exercise its judgment, the court's order was devoid of constitutional authority.
 
 
 13
 It is axiomatic that the constitutional provision which authorizes federal courts to hear cases and controversies, U.S. Const. art. III, Sec. 2, precludes federal courts from acting in matters that have become moot. "A federal court is without power to decide moot questions...." St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 911, 87 L.Ed. 1199 (1943); Accord: Kennedy v. Block, 784 F.2d 1220, 1222 (4th Cir.1986). Thus, federal courts are constitutionally impotent with regard to moot questions and, even if the parties fail to raise the issue, "the question of mootness is ... one which a federal court must resolve before it assumes jurisdiction." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The command of Fed.R.Civ.P. 12(h)(3) is specific: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added).
 
 
 14
 If the parties settle the cause of action underlying a dispute, the action is moot. Buck's Stove & Range Co. v. American Fed'n of Labor, 219 U.S. 581, 31 S.Ct. 472, 55 L.Ed. 345 (1911). This is so even if the parties argue otherwise. See Lake Coal Co. v. Roberts & Schaefer Co., 474 U.S. 120, 120, 106 S.Ct. 553, 553, 88 L.Ed.2d 418 (1985); Kennedy, 784 F.2d at 1224. Finally, " '[w]here it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss.' " Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93, 99 S.Ct. 2149, 2149, 60 L.Ed.2d 735 (1979) (emphasis in original) (quoting Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936)); see also United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).
 
 II
 
 15
 The fact that the settlement in this case occurred after a panel decision does not discharge our constitutional duty. As this court previously has recognized, "Our control over a judgment of our court continues until our mandate has issued.... Indeed, in exceptional circumstances, we may even recall our mandate to avoid injustice." Alphin v. Henson, 552 F.2d 1033, 1035 (4th Cir.) (citations omitted), cert. denied, 434 U.S. 823, 98 S.Ct. 67, 54 L.Ed.2d 80 (1977). Despite the issuance of a decision and opinion in the case, the Alphin court concluded that, because the court's mandate had not issued, the court's decision was not final and the court should amend what it previously had decided to make the decision conform to then-existing law. Id. Similarly, in the present case our mandate had not issued when we received notification of the settlement. See Fed.R.App.P. 41(a) ("The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court").
 
 
 16
 In a decision which explicitly resolved the question, the Court of Appeals for the Eleventh Circuit concluded that federal appellate courts have a duty to dismiss cases that become moot after issuance of a panel opinion but before disposition of a petition for rehearing en banc. See In re Ghandtchi, 705 F.2d 1315, 1316 (11th Cir.1983); see also Tallahassee Memorial Regional Medical Center v. Bowen, 815 F.2d 1435, 1445 n. 14 (11th Cir.1987) (noting Ghandtchi court's holding), cert. denied, 485 U.S. 1020, 108 S.Ct. 1573, 99 L.Ed.2d 888 (1988). The Ghandtchi court recognized, as a majority of this court does not, that the force of Great Western and Munsingwear are unaltered by the issuance of a panel decision and opinion. See Ghandtchi, 705 F.2d at 1316. Because the Supreme Court applied the vacation procedure of Munsingwear if a case became moot while a petition for certiorari was pending, the Ghandtchi court found no reason why it should not do the same in a case that became moot after the panel decision but before the mandate had issued. Id.
 
 
 17
 Indeed, the Ghandtchi court's analogy to the United States Supreme Court's own application of the Munsingwear principles might have been even more forceful. In Stewart v. Southern Ry., 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849, vacated, 315 U.S. 784, 62 S.Ct. 801, 86 L.Ed. 1190 (1942), the Supreme Court addressed a situation in which the parties settled after issuance of the Court's decision and opinion, but during the pendency of a petition for rehearing. The Court heard argument in the case on January 8, 1942 and decided the case on February 16, 1942 on a 5-4 vote with a formal opinion and dissent. On March 9, 1942, while a petition for rehearing was pending, the case was settled.
 
 
 18
 Because the case was settled before any order on the petition was entered, the Court granted the petition, vacated its previous judgment, reversed the judgment of the Court of Appeals, and remanded the case to the district court with directions to dismiss the suit as moot. Since the facts of Stewart are precisely the same as those before us, why we are not obligated to take the same action the Supreme Court took in a like situation escapes me.
 
 III
 
 19
 In addition to the explicit command of precedent, at least two practical considerations provide guidance in this case. First, a court's action on the merits in any case is bound to operate to change the settlement value. Revealing a determination that all parties had agreed to forego may only serve to show up or embarrass the attorneys. It is bound to breed lack of confidence in the Article III courts. Second, one need only consider the converse of the circumstances under which the order was entered to appreciate the order's impropriety. That is, if this court had voted to grant rehearing or rehearing en banc, it is idle to suggest that a rehearing would have been had in view of the settlement. Instead, the court would have followed the proper course of vacating its prior decision and opinion and remanding with instructions to dismiss.
 
 IV
 
 20
 In my opinion, the action the court has taken in this case is a plain usurpation of authority it does not have. It is the ultimate exercise in a lack of judicial restraint. Chief Justice Marshall discussed the principle in Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821). Cohens states, and I agree, that a federal court "must take jurisdiction if it should" but must not "usurp that which is not given." Indeed, "the one or the other would be treason to the Constitution."
 
 
 21
 For all the foregoing reasons, I respectfully dissent from the court's refusal to consider en banc whether the order denying appellant's petition for rehearing properly was entered.
 
 
 
 [1]
 The letter from appellee's counsel notifying this court of the settlement is dated July 21, 1989. Letter from Edward L. Genn to Clerk of the Court (July 21, 1989). The letter was not marked filed by the Clerk, however, until July 27, 1989, so I assume it was received by the Clerk on that day