3 F.3d 1436
 62 USLW 2173
 OKLAHOMA RADIO ASSOCIATES, an Oklahoma general partnership
of J. Patrick Collins and Greg L. Armstrong; J. Patrick
Collins, an individual; and Greg L. Armstrong, an
individual, Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
Citizens National Bank and Trust Company, Defendant-Appellee,
v.
MAGNOLIA BROADCASTING COMPANY, INC., Third-Party Defendant-Appellant.
 No. 89-6434.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 2, 1993.
 
 John C. McMurry (Gregg R. Maynard, with him on the brief), Oklahoma City, OK, for plaintiffs-appellants and third party defendant-appellant.
 E. Whitney Drake, Sp. Counsel, F.D.I.C., Washington, DC (Mark I. Rosen, Deputy Gen. Counsel, Ann S. DuRoss, Asst. Gen. Counsel, Joan E. Smiley, Sr. Counsel, F.D.I.C., Washington, DC, and R. Pope Van Cleef, Jr., Bush & Underwood, Oklahoma City, OK, with her on the brief), for defendant-appellee.
 Before TACHA, HOLLOWAY and BARRETT, Circuit Judges.
 HOLLOWAY, Circuit Judge.
 
 
 1
 * We have before us a "Joint Motion of the Parties to Vacate the Decision of This Court on the Grounds of Mootness and Remand to the District Court with Directions to Vacate Its Judgment and Dismiss Action" (the joint motion), and a joint "Memorandum in Support of Joint Motion to Withdraw Opinion" (the joint memorandum). The joint motion and joint memorandum were filed on July 26, 1993, after this court rendered its opinion in this appeal on March 12, 1993, Oklahoma Radio Associates v. FDIC, 987 F.2d 685 (10th Cir.1993), and during the pendency of a petition for rehearing and suggestion for rehearing en banc filed on April 26, 1993, by the FDIC. The petition for rehearing and suggestion for rehearing en banc argue that our Oklahoma Radio Associates opinion was in error in reversing summary judgment entered in favor of the FDIC by the district court on the FDIC's counterclaim on a promissory note (the ORA note) for $175,000 with prejudgment interest. Our affirmance of the district court's grant of summary judgment for the FDIC on an additional obligation (the Magnolia note) is no longer at issue.
 
 
 2
 The joint motion advises us that on July 22, 1993, the parties to this appeal (Oklahoma Radio Associates, Collins, Armstrong and the FDIC) reached a complete settlement of all issues in this action and that the settlement contemplates a release of all claims by and between the FDIC, Oklahoma Radio Associates, Collins and Armstrong. The motion further states: "This settlement also contemplates the withdrawal of the March 12, 1993, opinion." Furthermore, in its prayer the motion states that "the parties jointly move that this court vacate its March 12, 1993, opinion and remand the case to the District Court with instructions to vacate the Judgment as to ORA, Collins and Armstrong, and dismiss the action with respect to said parties." Joint Motion at 2-3. The joint memorandum argues that "Vacating the Opinion in this case, and remanding the case to the District Court with instructions to vacate the Judgment against ORA, Collins and Armstrong and dismissing all claims of FDIC, ORA, Collins and Armstrong is consistent with [United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950) ] and governing Tenth Circuit precedent in [The Post Office v. Portec, Inc., 935 F.2d 1105 (10th Cir.1991) ]."
 
 
 3
 The court is, of course, impressed with the importance of salutary settlements of controversies, with their consequent lessening of both the burden on the parties of costly litigation and the drain on judicial resources. Nevertheless, we are seriously troubled by the effort here, made for whatever reason, to cause the withdrawal of an opinion of this court and the nullification of its precedential effect. This arrangement of the parties, which would affect the precedent of this court, goes beyond the rationale of vacatur as explained in Munsingwear, i.e., to protect against future preclusive collateral estoppel effects on the parties to litigation, and reaches out to deprive our opinion of any precedential effect. Judge Posner has succinctly stated that the Seventh Circuit rejects such requests: "We vacate unappealable decisions, to prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect." In re Smith, 964 F.2d 636, 638 (7th Cir.1992).
 
 
 4
 Because of our concerns about the consequences of the judicial action requested by the parties here, we have reviewed the decisions and practice of the Supreme Court, of this court, and of other circuits. We will now consider those decisions.
 
 II
 A.
 Supreme Court Precedents
 
 5
 United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), is the Supreme Court decision most cited in making dispositions where appeals are mooted by changed circumstances or resolution by the parties. There a government suit alleged violations of a maximum price regulation and sought treble damages and injunctive relief. The treble damage claim was held in abeyance pending trial of the injunctive claim. The district court held that the respondent's prices complied with the regulation and dismissed the complaint. The government appealed, but while that appeal was pending the commodity involved was decontrolled. The respondent moved to dismiss the appeal on the ground of mootness and the court of appeals granted that motion.
 
 
 6
 The respondent then moved in the district court to dismiss the treble damage actions on the ground that the unreversed judgment in the injunctive suit was res judicata. This motion was granted and that ruling was affirmed by the court of appeals.
 
 
 7
 The Supreme Court affirmed, pointing out that the hardship caused by the application of res judicata there had been preventable by a motion to vacate the judgment below, but that the government had slept on its rights and failed to so move. Id. at 39-41, 71 S.Ct. at 106-07. The Court stated:
 
 
 8
 If there is hardship in this case, it was preventable. The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178, to be "the duty of the appellate court." That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.
 
 
 9
 Id. at 39-40, 71 S.Ct. at 106-07 (emphasis added and footnote omitted).
 
 
 10
 The practice discussed in Munsingwear thus was apparently devised to avoid the preclusive effect of a judgment whose review has been prevented through happenstance. Indeed, in A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961), similar relief was granted where a railroad rate controversy was mooted when the railroads withdrew their applications to the ICC for authorization of the rates in question. The district court granted motions to dismiss and Mechling Barge Lines appealed to the Supreme Court. The Court modified the order of the district court to provide that the proceedings were remanded to the ICC with direction to vacate the order which had authorized the rates. The Court explained the purpose of relief under Munsingwear:
 
 
 11
 In United States v. Munsingwear, Inc., 340 U.S. 36 [71 S.Ct. 104, 95 L.Ed. 36], this Court expressed the view that a party should not be concluded in subsequent litigation by a District Court's resolution of issues, when appellate review of the judgment incorporating that resolution, otherwise available as of right, fails because of intervening mootness.
 
 
 12
 Id. at 329, 82 S.Ct. at 340-41 (emphasis added).
 
 
 13
 That rationale was followed in Great Western Sugar Co. v. Nelson, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979) (per curiam ). This court had considered a suggestion of mootness in a suit seeking to compel arbitration. That relief had been granted in the district court, but before an appeal from that order could be decided on the merits, the arbitration proceedings had been completed and a suggestion of mootness was filed with the court of appeals. This court dismissed the appeal on the ground of mootness but stated that the judgment of the trial court was allowed to stand. The Supreme Court vacated the judgment of our court and remanded with directions to vacate the district court's judgment, stating:
 
 
 14
 "Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."
 
 
 15
 442 U.S. at 93, 99 S.Ct. at 2149 (quoting Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936)) (emphasis supplied in Duke Power ).
 
 
 16
 We have not found a discussion by the Court of the rationale of applying the Munsingwear disposition to cases mooted by settlement pending appeal. Prior to Munsingwear, in Stewart v. Southern Railway Co., 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849 (1942), the Supreme Court was advised of settlement of a death action brought under the Safety Appliance Act after the Court's opinion was filed and a petition for rehearing was pending. In a per curiam opinion, 315 U.S. 784, 62 S.Ct. 801, 86 L.Ed. 1190 (1942), the Court stated:
 
 
 17
 Upon petition for rehearing, it appearing that the case has been settled, the petition is granted and the judgment entered February 16, 1942, 315 U.S. 283, is vacated. The judgment of the Circuit Court of Appeals is reversed with costs and the case is remanded to the District Court with directions to dismiss the suit as moot.
 
 
 18
 We note that the Court has cited Munsingwear in several other settlement cases in which vacatur of lower court judgments was ordered, but as in Stewart, without any accompanying explication. E.g., City Gas Co. of Fla. v. Consolidated Gas Co. of Fla., Inc., 499 U.S. 915, 111 S.Ct. 1300, 113 L.Ed.2d 235 (1991); Lake Coal Co., Inc. v. Roberts & Schaefer Co., 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985); J. Aron & Co. v. Mississippi Shipping Co., 361 U.S. 115, 80 S.Ct. 212, 4 L.Ed.2d 148 (1959) (vacatur ordered following entry of consent judgment by district court); Black v. Amen, 355 U.S. 600, 78 S.Ct. 530, 2 L.Ed.2d 523 (1958); Hammond Clock Co. v. Schiff, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934). In a 1987 case, however, the Court made clear that it does not view vacatur of a previously entered judgment as mandatory under Munsingwear when mootness results from the action of a party. In Karcher v. May, 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), the Court rejected an argument for application of the Munsingwear procedure, stating
 
 
 19
 this procedure "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." [Munsingwear, 340 U.S. at 40, 71 S.Ct. at 107].
 
 
 20
 ....
 
 
 21
 This controversy did not become moot due to circumstances unattributable to any of the parties. The controversy ended when the losing party--the New Jersey Legislature--declined to pursue its appeal. Accordingly, the Munsingwear procedure is inapplicable to this case.
 
 
 22
 484 U.S. at 82-83, 108 S.Ct. at 391.
 
 
 23
 Settlements are, by definition, attributable to the parties and not happenstance. Accordingly, the combined teaching of Munsingwear and Karcher does not support a rule that would mandate vacatur of prior judgments (or opinions) following settlement on appeal. In light of the voluntary nature of settlements, the granting of such relief seems to be left to the court's discretion.
 
 B.
 The Tenth Circuit
 
 24
 The joint memorandum in support of the joint motion to withdraw our Oklahoma Radio Associates opinion relies on The Post Office v. Portec, Inc., 935 F.2d 1105 (10th Cir.1991), as its precedent for vacating a prior opinion of this court. There a stipulated motion to dismiss the appeal was filed which resulted in an order of May 29, 1991, vacating the appeal and our prior opinion in the cause, reported at 913 F.2d 802 (10th Cir.1990), as moot. A stipulated motion for reconsideration was filed shortly and this resulted in a final order of July 2, 1991, which again vacated our prior opinion in The Post Office v. Portec, Inc. and dismissed the appeal with prejudice by stipulation of the parties. We cited Great Western Sugar and Munsingwear in the first order, but the final order of July 2 merely referred to the stipulated motion for reconsideration and then vacated our prior opinion and dismissed the appeal on the stipulation of the parties. 935 F.2d at 1106. No rationale for vacating our prior opinion was given. Nevertheless, the parties in their joint memorandum are correct that The Post Office order does stand as precedent for vacating a prior opinion of our court upon settlement.
 
 
 25
 We note also that in First National Bank in Dallas v. Don Adams Mining Co., 844 F.2d 1445 (10th Cir.1988), we withdrew our prior reported opinion and vacated our judgment. We remanded with instructions to the district court to vacate the judgment appealed, citing Munsingwear. No rationale for vacating our prior opinion was given.
 
 
 26
 In Tosco Corp. v. Hodel, 826 F.2d 948 (10th Cir.1987), a stipulation of settlement was filed with this court with a joint motion to dismiss the then-pending appeals. We noted that because of material performance of the terms of a settlement agreement, all disputed issues had become moot. We vacated the judgments appealed from as moot, dismissed the appeals as moot, and remanded with instructions to dismiss the actions as moot, all as requested in the joint motion. The cases were remanded to the district court with instructions to vacate as moot the administrative decisions for which review was sought. Id. at 949. Similar dispositions were made where stipulations were filed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, and the appeals were dismissed as moot, citing Munsingwear, inter alia. See, e.g., Studio 1712, Inc. v. Etna Products Co., Inc., 968 F.2d 10 (10th Cir.1992); Purcella v. United States, 968 F.2d 10 (10th Cir.1992); Russell v. Turnbaugh, 957 F.2d 796 (10th Cir.1992).
 
 
 27
 However, in Martinez v. Winner, 800 F.2d 230 (10th Cir.1986), we noted the distinction where vacatur of our prior opinions is requested. In Martinez, the Supreme Court had vacated the judgment of this court and remanded for us to consider whether the case had become moot. Tyus v. Martinez, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986). We noted that the plaintiff had directed his counsel to withdraw from active participation and to conduct no additional business on his behalf in the case, and held that this made the case moot. Our opinion on remand noted that the judgment of our court had already been vacated by the Supreme Court. Having determined that the case was moot, and in order to avoid any misunderstanding, we declared our judgment vacated on the ground of mootness. We also remanded the case to the district court with directions to vacate its judgment and to dismiss the complaint as moot, citing Munsingwear. We said that that order would remove both the res judicata and stare decisis effect of the vacated judgments of our court and of the district court. We noted, however, that counsel for the federal appellees and the City and County of Denver also requested that we vacate our previous opinions. We denied that request, stating:
 
 
 28
 We are not sure what such a request means in practical effect. The opinions have been published in bound volumes of the Federal Reporter, Second Series, and no action by this or any other Court can change that fact retroactively. Furthermore, the opinions may be useful to someone in the future simply as a description of the course of this case. We have already stated that our previous judgment is vacated. The request to vacate our opinions, if in fact it asks for some separate or different relief, is denied.
 
 
 29
 800 F.2d at 231.
 
 
 30
 In sum, there are precedents for vacating our prior appellate opinions but Martinez also illustrates a denial of such a request by this court. We find no rationale given in our prior opinions or orders justifying the vacatur of prior opinions of this court on request of a party or parties to a settlement.
 
 C.
 The Seventh Circuit
 
 31
 In In re Smith, 964 F.2d 636 (7th Cir.1992), a bankruptcy trustee as appellee asked the court of appeals to dismiss the appeal as moot. The appellant, State Farm, opposed this request. The unusual procedural situation arose after the trustee had brought an adversary proceeding against State Farm, seeking recovery of money held by State Farm for one of two debtors in the bankruptcy proceeding, as administrator of a pension plan. The bankruptcy court held that the plan was not a "spendthrift trust," and therefore that the debtor's interest was included in the bankruptcy estate. The bankruptcy judge further ruled, however, that since the trustee merely stood in the debtor's shoes and had no greater rights than the debtor, the bankruptcy court could authorize no withdrawals from the pension trust other than those the debtor could have made. Concerned with the ruling that the pension plan was not a true spendthrift trust, State Farm appealed.
 
 
 32
 The trustee decided not to seek a hardship withdrawal, and therefore he argued that the appeal was moot and should be dismissed with directions to vacate the district court's orders. Opposing that motion, State Farm argued that because the district court's orders would remain as precedents, State Farm as the loser should not be deprived, by the winning party's unilateral action in mooting the appeal, of an opportunity for appellate correction of an erroneous precedent.
 
 
 33
 The Seventh Circuit granted the motion to dismiss the appeal with directions to the district court to dismiss all previous orders in the case, as both parties had requested. However, State Farm also requested that the court of appeals decide the appeal to eliminate a potentially adverse precedent. This request was denied by the Seventh Circuit:
 
 
 34
 [State Farm] realizes that vacating a decision because of supervening mootness does not destroy its precedential effect, since the decision was not moot--was not outside the jurisdiction of the court that rendered it--when it was rendered. United States v. Articles of Drug, 818 F.2d 569, 572 (7th Cir.1987).
 
 
 35
 That is just too bad. We vacate unappealable decisions, to prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect. Id.; In re Memorial Hospital, 862 F.2d 1299, 1302 (7th Cir.1988).....
 
 
 36
 Id. at 638 (emphasis added).
 
 
 37
 In Harris v. Board of Governors of the Federal Reserve System, 938 F.2d 720 (7th Cir.1991), the Seventh Circuit made a similar ruling. There the House Banking Committee was allowed to intervene in a district court proceeding to assert its interest in obtaining documents whose possession was in controversy. The Federal Reserve Board had obtained subpoenas for documents including reports of examinations of a bank conducted by the Illinois Banking Commissioner. The Commissioner had filed suit in the federal district court seeking an injunction to prohibit the Federal Reserve Board from turning over any of the Commissioner's documents to the House Banking Committee. The injunction was granted and the documents were promptly returned to the Commissioner in Illinois.
 
 
 38
 The Seventh Circuit held that since the documents were no longer in the Federal Reserve Board's possession, the case was moot. Id. at 722-23. In dismissing the appeal before it as moot, the Seventh Circuit stated:
 
 
 39
 The only possible reason the House Banking Committee could have for continuing to pursue this thoroughly moot case is concern with the precedent established by the district court's ruling, a concern that mootness does not abate. For although it is customary when a case becomes moot on appeal for the appellate court to order all previous orders in the case vacated, the only effect of the vacatur is to deprive those orders of any preclusive effect in subsequent litigation. It does not deprive them of such stare decisis effect as they may have.
 
 
 40
 Id. at 723 (citations omitted).
 
 
 41
 In Matter of Memorial Hospital of Iowa County, Inc., 862 F.2d 1299 (7th Cir.1988), a Chapter 11 debtor sought to hold the Wisconsin Blue Cross and Blue Shield intermediary in contempt. The bankruptcy court held the intermediary in contempt and the district court affirmed, ordering the intermediary to restore funds it had withheld. The Blue Cross intermediary, joined by the Department of Health and Human Services, filed a notice of appeal. The parties then settled the dispute, with a division of the funds in question, and the bankruptcy court approved the settlement. The parties then asked the Seventh Circuit to vacate the district court's opinion and judgment in light of the settlement. That relief was denied by the Seventh Circuit:
 
 
 42
 The parties' motion in this court asks us to vacate the district court's opinion and judgment under United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), contending that the settlement makes the case moot. It does not. The court may decline to approve the settlement, in which event the dispute is as live as ever. Ringsby [Truck Lines, Inc. v. Western Conference of Teamsters], 686 F.2d at 721-22 [ (9th Cir.1982) ]. Even Nestle [Company, Inc. v. Chester's Market Inc.] held that a settlement does not moot the case, 756 F.2d at 282 [(2d Cir.1985)] although it concluded on other grounds that the district court's opinion should be vacated. A settlement while the case is on appeal is a reason why the losing party no longer wants the judgment reversed. The case is neither more nor less moot than it would be if the loser were satisfied with the judgment and complied without appealing.
 
 
 43
 ....
 
 
 44
 When the parties' bargain calls for judicial action, however, the benefits of settlement to the parties are not the only desiderata. When a clash between genuine adversaries produces a precedent, however, the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement.... The precedent, a public act of a public official, is not the parties' property. We would not approve a settlement that required us to publish (or depublish) one of our own opinions, or to strike a portion of its reasoning.... If parties want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages.
 
 
 45
 Id. at 1301-02; see also Clark Equipment Co. v. Lift Parts Manufacturing Co., 972 F.2d 817, 819 & n. 1 (7th Cir.1992).
 
 
 46
 As noted below, several other circuits, though not all, likewise disapprove of vacatur of judgments and opinions in the wake of a settlement.
 
 D.
 The District of Columbia Circuit
 
 47
 In In re United States, 927 F.2d 626 (D.C.Cir.1991), the District of Columbia Circuit denied a joint motion, following a settlement by the parties, to vacate the court's prior decision. Quoting Memorial Hospital, the court held that although the case had been mooted by the parties' settlement, " 'the judicial system ought not allow the social value of th[e] precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement.' " 927 F.2d at 628 (quoting Memorial Hospital, 862 F.2d at 1302). The court found Munsingwear to apply only where a litigant's loss of potential appellate review had been caused by " 'happenstance' rather than by the deliberate action of the losing party." 927 F.2d at 628.
 
 E.
 The Third Circuit
 
 48
 In Clarendon Ltd. v. Nu-West Industries, Inc., 936 F.2d 127 (3d Cir.1991), the Third Circuit relied on Memorial Hospital in denying a joint motion for vacatur of a district court judgment following the parties' settlement of the case. The court observed that
 
 
 49
 a judicial act by an appellate court, such as vacating an order or opinion of this court or the trial court, is a substantive disposition which can be taken only if the appellate court determines that such action is warranted on the merits. A provision for such action in a settlement agreement cannot bind the court.
 
 
 50
 Id. at 129. The court went on to conclude that the worthy goal of encouraging settlements does not "override[ ] the policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated." Id. And, citing Karcher v. May, 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), the court concluded that "Munsingwear is inapplicable to a situation where the parties reach a settlement during the pendency of an appeal." Id. at 130.
 
 F.
 The Fourth Circuit
 
 51
 In Clipper v. Takoma Pard, MD., 898 F.2d 18 (4th Cir.1989), the Fourth Circuit voting en banc refused to withdraw its previously issued panel opinion following settlement by the parties pending the court's ruling on appellant's petition for rehearing and suggestion for rehearing en banc. Id. at 19. While the majority's summary order did not expand on the court's reasoning, it implicitly rejected the argument by the dissent that Munsingwear governed the issue and required vacatur of the panel opinion. Id. at 19-21 (Widener, J., dissenting).
 
 G.
 Fifth Circuit
 
 52
 In Ruiz v. Estelle, 688 F.2d 266 (5th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983), the Fifth Circuit vacated portions of a previously published opinion in light of the parties' settlement of the relevant issues prior to issuance of the opinion. Id. at 267. The case does not cite or rely on Munsingwear, however, and does not reveal how the court would rule in cases where the settlement occurs after publication of the panel opinion. But in criminal cases rendered moot following the court's ruling and issuance of an opinion, the Fifth Circuit has summarily vacated previously published panel opinions. See, e.g., United States v. Miller, 685 F.2d 123, 124 (5th Cir.1982); United States v. Caraway, 483 F.2d 215, 216 (5th Cir.1973).H.
 
 The Sixth Circuit
 
 53
 Without addressing the policy concerns involved in the decision whether to vacate a prior judgment or opinion, the Sixth Circuit in Constangy, Brooks & Smith v. N.L.R.B., 851 F.2d 839 (6th Cir.1988), held that mootness " 'due to circumstances [which were attributable] to [one] of the parties' " did not implicate Munsingwear and thus did not necessitate vacatur of the district court's judgment. Id. at 842 (quoting Karcher, 484 U.S. at 83, 108 S.Ct. at 391). In Constangy, the appeal had been mooted by the N.L.R.B.'s compliance with the district court's order. Id.
 
 I.
 The Eleventh Circuit
 
 54
 Conversely, in Brookhaven Landscape & Grading Co., Inc. v. J.F. Barton Contracting Co., 681 F.2d 734 (11th Cir.1982), the Eleventh Circuit relied exclusively on policy considerations in denying a joint motion to modify the court's opinion or dismiss the appeal. Without reference to Munsingwear or its progeny, the court held:
 
 
 55
 [T]he motion to dismiss is filed and presented after the Court has rendered and published a decision in the case and on the basis of the attorneys' dissatisfaction with a portion of the opinion of the Court.
 
 
 56
 A motion to withdraw or dismiss the appeal filed after a decision has been rendered and published by the Court of Appeals is not timely. While in rare cases there may be a valid reason to withdraw a decision and opinion once published, it would be completely inappropriate to allow parties to frustrate the business of this Court by demanding dismissal of an appeal whenever they disagree with or are chagrined by something in the Court's opinion.
 
 
 57
 Id. at 736. Compare In re Ghandtchi, 705 F.2d 1315, 1316 (11th Cir.1983) ("Where a case becomes moot ... before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot"). Even where mootness occurs before appellate review, the court has indicated that the Munsingwear procedure should not be automatically applied but "the court should look to the policies behind Munsingwear ... to see if they are implicated." Westmoreland v. National Transp. Safety Bd., 833 F.2d 1461, 1463 (11th Cir.1987).
 
 J.
 The Second Circuit
 
 58
 In Nestle Co., Inc. v. Chester's Market, Inc., 756 F.2d 280 (2d Cir.1985), the Second Circuit held that, even where a settlement does not moot a controversy because the settlement is contingent upon vacatur of a prior judgment, it constitutes an abuse of discretion for the district court to deny vacatur. Id. at 282-84. The court reasoned that Munsingwear strikes the balance "against the finality of judgments" and in favor of the termination of litigation. Id. at 282. Discounting the public interest involved in the vacatur decision, the court found "no justification to force the[ ] defendants, who wish only to settle the present litigation, to act as unwilling private attorneys general and to bear the various costs and risks of litigation." Id. at 284.
 
 K.
 The Federal Circuit
 
 59
 Similarly, in U.S. Philips Corp. v. Windmere Corp., 971 F.2d 728 (Fed.Cir.1992), cert. granted sub nom. Izumi Seimitsu Kogyo v. U.S. Philips Corp., --- U.S. ----, 113 S.Ct. 1249, 122 L.Ed.2d 649 (1993), the Federal Circuit said it has held that vacatur of a lower court judgment is appropriate "when settlement moots the action on appeal." Id. at 731. The court cited Munsingwear, inter alia, as generally providing for vacatur when a case becomes moot, and noted City Gas Co. of Florida, discussed with other Supreme Court precedents in Part II-A, supra. Although the court held that vacatur was the general rule in the Federal Circuit, the court did not hold that vacatur must always be granted. The court said that the parties were entitled to rely on its precedent and that vacatur of the judgments on appeal was appropriate. See 971 F.2d at 731.
 
 L.
 The Eighth Circuit
 
 60
 In Hendrickson v. Secretary of Health and Human Services, 774 F.2d 1355 (8th Cir.1985), the Eighth Circuit granted the parties' joint motion to vacate the court's "judgment, decision, and opinion, 765 F.2d 747, ... as moot under [Munsingwear ] in light of the [parties'] Settlement Agreement." Id. at 1355. While the court's published order does not spell out the court's reasoning, the order appears to assume that the court was required by Munsingwear to vacate both its prior judgment and its published opinion based on the parties' settlement.
 
 M.
 The Ninth Circuit
 
 61
 The Ninth Circuit has adopted a compromise position under which the court, on a case by case basis, "consider[s] the equities and hardships in resolving the [vacatur] question," National Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d 762, 769 (9th Cir.1989), and balances "the competing values of finality of judgment and right to relitigation of unreviewed disputes." Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir.1982). The court recognizes that application of the Munsingwear procedure is not required in the case of settlement by the parties because this does not cause the controversy to become moot by "happenstance," as was the case in Munsingwear itself. National Union Fire Ins. Co., 891 F.2d at 766 (citing Karcher, 484 U.S. at 83, 108 S.Ct. at 391).
 
 III
 Conclusion
 
 62
 We are convinced that we should decline to grant vacatur of our prior opinion as requested herein in the circumstances before us. In doing so we are mindful that in some instances, as noted earlier, we have vacated prior opinions of this court when settlements have occurred, as in The Post Office v. Portec, Inc., 935 F.2d 1105 (10th Cir.1991), and First National Bank in Dallas v. Adams Mining Co., 844 F.2d 1445 (10th Cir.1988), while we denied vacatur of our prior opinions in Martinez v. Winner, 800 F.2d 230 (10th Cir.1986). In light of the circumstances and the importance of this ruling, the joint motion and joint memorandum of the parties herein advising of their settlement and of their request for vacatur of our March 12, 1993 opinion and this ruling have been considered by the full court and we are authorized to state that all of the active judges of this court approve of this order and the overruling of our prior precedents to the extent that they indicate that a settlement agreement by the parties may oblige us to withdraw our opinions. This court will determine whether vacatur of an opinion of the court is appropriate on the basis of the particular circumstances if such a request is made, or if vacatur is considered by the court on its own motion.
 
 
 63
 The furthering of settlement of controversies is important and desirable, but there are significant countervailing considerations which we must also weigh. A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse. We agree with the Seventh Circuit that "an opinion is a public act of the government, which may not be expunged by private agreement." Memorial Hospital, 862 F.2d at 1300. "When the parties' bargain calls for judicial action, ... the benefits of settlement to the parties are not the only desiderata." Id. at 1302. "The precedent, a public act of a public official, is not the parties' property." Id. Moreover, the reasoning in the published opinion "may be helpful to other courts to the extent that it is persuasive." Clark Equipment Co. v. Lift Parts Mfg. Co., Inc., 972 F.2d 817, 820 (7th Cir.1992). We agree with Judge Easterbrook's view that the parties "are not free to contract about the existence of these decisions." Memorial Hospital, 862 F.2d at 1303.
 
 
 64
 In the instant case the joint motion and joint memorandum clearly indicate that vacatur of our March 12, 1993, opinion in Oklahoma Radio Associates was an important consideration in the settlement. For the reasons we have given, we are unwilling to vacate our opinion to accommodate the parties in accord with their settlement. On the other hand, we feel it would be improper and unfair to grant the pending motion before us in part, declining to withdraw the opinion while still remanding the case to the district court with instructions to vacate its judgment as to ORA, Collins and Armstrong, and to dismiss the action with respect to said parties. Joint Motion at 3. Such a disposition, without the vacatur of our opinion, would deny the FDIC a ruling on its pending petition for rehearing and suggestion of rehearing en banc, which the FDIC may well wish to pursue if withdrawal of the opinion is not granted.
 
 
 65
 Accordingly, the joint motion of the parties pending before the court is DENIED. If the parties choose to submit a suggested disposition agreed on without a request or proviso for withdrawal of our opinion, they may make such a submission within twenty (20) days from this date. Otherwise, the court will proceed to consider and rule on the pending petition for rehearing and suggestion of rehearing en banc.