FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

January 8, 2026

Christopher M. Wolpert
Clerk of Court

_____

ALYSIA MURPHY,

    Plaintiff - Appellant,

v.

CHILDREN'S HOSPITAL COLORADO,
LORA BYRNE; AMY ROSS; NILES
ACKERSON,

    Defendants - Appellees.

No. 25-1304
(D.C. No. 1:25-CV-02248-SKC-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Appellees (collectively, "the Hospital") move to dismiss this appeal as moot.

Appellant Alysia Murphy opposes. We will grant the motion.

The parties are familiar with the unfortunate circumstances leading to this

proceeding. We recount only the minimum background necessary to provide context

for our decision.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Murphy's minor son became a patient at the Hospital after suffering a severe brain injury. Disputes arose between Murphy and the Hospital, leading to restrictions on Murphy's ability to visit her son. Murphy sued the Hospital in federal court. She moved for a temporary restraining order (TRO) and a preliminary injunction against the visitation restrictions. She also moved to compel the Hospital to transfer her son to another facility. The district court denied a TRO and denied the transfer motion.

On August 7, 2025, Murphy brought this appeal, arguing that the district court erroneously denied her motions. She further argued that this court has jurisdiction under 28 U.S.C. § 1292(a)(1), which allows us to review a district court's interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." But the question of this court's statutory jurisdiction was soon overtaken by events calling into question this court's constitutional jurisdiction, or in other words, whether there still exists a "Case[]" or "Controvers[y]" to adjudicate. *See* U.S. Const. art. III, § 2, cl. 1. Specifically, on August 21, the Hospital performed brain-death testing and concluded Murphy's son was indeed brain-dead. The Hospital accordingly informed Murphy it would soon withdraw life support from her son. Murphy unsuccessfully sought relief from that plan in state court. The Hospital withdrew life support, with Murphy at her son's side, on September 20. His heart stopped beating soon after and his body was released to the coroner.

The Hospital argues this appeal is now moot because this court can no longer grant the relief Murphy seeks, *i.e.*, an order requiring the Hospital to allow her to visit her son and to transfer her son to a different facility. *See United States v.*

2

*Carter*, 995 F.3d 1222, 1232 (10th Cir. 2021) ("Under Article III, a continuing case-or-controversy exists only if the parties retain a personal stake in the outcome throughout the litigation, including appellate review.  The matter otherwise becomes moot when it is impossible to grant any effectual relief." (citation and internal quotation marks omitted)).  Murphy counters that the appeal is not moot for numerous reasons.  Many of these reasons overlap, and we conclude they all fall into three categories, which we address in turn.

First, Murphy argues she still has claims against the Hospital for nominal damages, compensatory damages, attorneys' fees, costs, and declaratory judgment, based on the Hospital's alleged interference with her parental rights before her son's death.  But these claims do not prevent *this* appeal from becoming moot because issues of monetary compensation and declaratory judgment are not before us.  Those issues remain to be decided by the district court, assuming Murphy has properly raised them there.

Second, Murphy argues it would be bad policy to treat this appeal as moot because the Hospital brought about the mootness through its own actions, thus destroying this court's jurisdiction.  We do not wish to minimize the gravity of the events that took place, but the Hospital's decision to withdraw life support did not violate any order from this court or the district court.  *Cf. United States v. United Mine Workers of Am.*, 330 U.S. 258, 294 (1947) (noting that contempt proceedings may go forward for violating a court order "though the basic action has become

3

moot"). Thus, as far as this court is concerned, the Hospital was allowed to act as it did, even if those actions mooted this controversy.

Third, Murphy argues this dispute should not be deemed moot because it is capable of repetition but will evade review. *See Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015) (discussing "the exception to mootness for conduct capable of repetition yet evading review"). But this exception requires "a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (internal quotation marks omitted). Nothing in the record suggests a reasonable expectation that Murphy will endure the same circumstances again. The exception therefore does not apply.

Finally, Murphy says, "If [this court] concludes mootness exists, it must vacate the lower court's judgment to prevent [the Hospital] from benefitting from its strategic conduct." Aplt. Opp'n to Aplee. Mot. to Dismiss Appeal as Moot at 11 (emphasis removed). In support, she cites *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). *Munsingwear* says that if a case becomes moot on appeal, the appellate court should "vacate the judgment below and remand with a direction to dismiss." *Id.* at 39. Such a procedure, the Court said, "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Id.* at 40.

This appeal does not present a *Munsingwear* situation. As used in *Munsingwear*, "judgment" means a judgment with collateral estoppel effect. *See id.* at 38 (discussing the collateral estoppel standard); *see also Okla. Radio Assocs. v.*

4

*FDIC*, 3 F.3d 1436, 1437 (10th Cir. 1993) (noting "the rationale of vacatur as explained in *Munsingwear*, i.e., to protect against future preclusive collateral estoppel effects on the parties to litigation" (emphasis removed)). Only a final judgment has collateral estoppel effect. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). No such judgment is at issue in this appeal. The district court merely denied a TRO and denied the transfer motion. Moreover, its denials were based on Murphy's failure to support her arguments, not based on an evaluation of the underlying merits. We therefore deny the vacatur request.

For all these reasons, we grant the Hospital's motion and dismiss this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge