**In re Extradition of Houchang GHANDTCHI,**

**UNITED STATES of America, Appellant,**

v.

**Houchang GHANDTCHI, Appellee.**

**No. 83–5019.**

United States Court of Appeals, Eleventh Circuit.

May 26, 1983.

Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., Michael Hursey, Asst. U.S. Atty., Ft. Lauderdale, Fla., for appellant.

Robert C. Byrne, Plantation, Fla., for appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

BY THE COURT:

A United States magistrate ordered Houchang Ghandtchi released on bail pending an extradition hearing. The government sought review before the district court, which held that it lacked jurisdiction to review the magistrate's decision. The government appealed to this court, and on February 11, 1983 we affirmed the decision of the district court. *In Re Extradition of Ghandtchi,* 697 F.2d 1037 (11th Cir.1983). Pending these proceedings Ghandtchi remained in custody pursuant to a stay. He was released on bail February 16.

The government, by motion, asserts that on February 17 Ghandtchi's extradition hearing was held, the magistrate found him extraditable, and he was again taken into custody. The government contends that the issue raised on appeal—the jurisdiction of the district court to review the magistrate's decision to grant bail pending a hearing—has become moot. To remove any res judicata and precedential effects that

this court's order might have, the government asks that appellate proceedings be dismissed, the district court's judgment vacated, and the case remanded to the district court with instructions to dismiss it as moot.

 Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot. *See Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979) (reversing an appellate court for failing to follow the vacation technique); *U.S. v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *U.S. v. Sarmiento-Rozo,* 592 F.2d 1318 (5th Cir. 1979).[1]

Here the government had 21 days from February 11 to seek en banc reconsideration. *See* Fed.R.App.P. 41(a). The hearing was held and Ghandtchi again taken into custody six days after February 11. Upon the government's motion, the time for filing a petition for en banc reconsideration was extended, and issuance of the mandate stayed, until March 25, when the government filed this motion. Issuance of the mandate has been stayed further pending disposition of the government's motion to vacate. *Id.* No case is cited, and we find none, where mootness occurred after an appellate court had issued a decision but before the losing party could seek en banc reconsideration and before the mandate had issued. The cases nevertheless suggest that vacation for mootness is appropriate.

The Supreme Court employs the vacation procedure where a case it has decided to review becomes moot before decision. *See Munsingwear,* 340 U.S. at 39 & n. 2, 71 S.Ct. at 106 & n. 2. The Court has also applied the procedure where the case became moot

while petition for certiorari was pending. *Alabama v. Davis,* 446 U.S. 903, 100 S.Ct. 1827, 64 L.Ed.2d 256 (1980). We see no reason why this court should not declare the case moot when the mandate has not yet issued, if the Supreme Court can do the same while the case is pending before it on petition for certiorari, that is, the Court has not yet taken jurisdiction.

The motion of the government is GRANTED. The judgment of the district court is VACATED and the cause is REMANDED to the district court with instructions to dismiss the case as moot.

---

1. In the words of the Court in *Munsingwear,* the vacation

    procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When

[this] procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

340 U.S. at 40, 71 S.Ct. at 107.