NATIONAL SOLID WASTES MANAGE-MENT ASSOCIATION, and Chemical Waste Management, Inc., Plaintiffs-Appellants,

v.

The ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT; Leigh Pegues, Individually and as Director of the Alabama Department of Environmental Management; and Guy Hunt, Individually and as Governor of Alabama, Defendants-Appellees.

No. 90-7047.

United States Court of Appeals, Eleventh Circuit.

Feb. 7, 1991.

Fournier J. Gale, III, H. Thomas Wells, Jr., Alfred F. Smith, Jr., Maynard, Cooper, Frierson & Gale, Birmingham, Ala., for plaintiffs-appellants.

Bert Nettles, Alton B. Parker, Jr., Kenneth O. Simon, Spain, Gillon, Grooms, Blan & Nettles, Birmingham, Ala., for defendants-appellees.

Anne S. Almy, Asst. Atty. Gen., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., amicus curiae, for plaintiffs-appellants.

Roger C. Zehntner, John T. Van Gessel, Chemical Waste Management, Inc., Oak Brook, Ill., for Chemical Waste Management.

E. Dennis Muchincki, Chief, Office of Atty. Gen., Environmental Enforcement

**1002**

Section, Columbus, Ohio, amicus curiae, for State of Ohio.

■

## PETITION FOR REHEARING

(Opinion August 8, 1990, 11th Cir., 910 F.2d 713)

Before EDMONDSON, Circuit Judge, and HILL * and HENDERSON, Senior Circuit Judges.

## BY THE COURT:

While rehearing is unwarranted, the possibility that portions of this case have been mooted has made necessary a modification of our original opinion.

### I.   Mootness

■ Recognizing our continuing "duty to review [the] jurisdiction of an appeal at any point in the appellate process," *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985), we asked for briefs on the question of whether part of this case became moot on November 8, 1990. *See* Order, No. 90–7047 (Nov. 5, 1990).[1]

As described in our opinion, see *National Solid Wastes Management Ass'n v. Alabama Dep't of Envtl. Management,* 910 F.2d 713, 722–23 (11th Cir.1990), the

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Our obligation to review our jurisdiction is not relieved by the issuance of the original panel opinion because the mandate in this case has not yet issued. *In re Ghandtchi,* 705 F.2d 1315, 1316 (11th Cir.1983) (mootness can require dismissal even "where mootness occurred after an appellate court had issued a decision but before the losing party could seek en banc reconsideration and before the mandate had issued").

2. The Alabama LDR regulations and EPA variances at issue in this lawsuit involve only two categories of wastes: (1) solvent- and dioxin-containing soil and debris from CERCLA responses or RCRA corrective actions, and (2) soil and debris contaminated with "California list" wastes from CERCLA response actions or RCRA corrective actions. *See* Complaint at ¶ 21 ("This nationwide exclusion or variance thus covers 'CERCLA and RCRA wastes' and 'California list wastes.' "); *id.* at ¶ 24 ("These [LDR] regulations

---

Environmental Protection Agency ("EPA") granted for certain wastes a national variance from the timetable for implementing the "land disposal ban" enacted by Congress in 1984. *See* 40 C.F.R. § 268; 42 U.S.C. § 6924(h) (authorizing EPA variances). This ban prohibited the disposal of toxic and hazardous wastes unless those wastes were first treated to reduce toxicity and mobility. Alabama amended its hazardous waste program by adopting the challenged land disposal restriction ("LDR") regulations, but the state did not adopt the EPA variances. *See* Ala.Admin. Code R. 14–9–.03.

In this lawsuit, plaintiffs challenged the Alabama LDR regulations, located at Ala. Admin.Code R. 14–9–.03(1)–(3), that did not adopt EPA variances for waste soil and debris generated in cleanups conducted under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and in corrective actions under the Resource Conservation and Recovery Act ("RCRA").[2] The EPA variances for these wastes expired on November 8, 1990. *See* 53 Fed.Reg. 31,137, at 31,196–97 (Aug. 17, 1988). As a result, there is now no conflict between the challenged state LDR regulations and the relevant federal EPA regulations.

Defendants argue that because Alabama's challenged LDR regulations are

---

became effective August 24, 1989, thus prohibiting the land disposal of CERCLA and RCRA wastes and California list wastes at [plaintiff's] facility at Emelle, Alabama...."). Though plaintiffs have suggested that their lawsuit also challenged a conflict between federal and state regulation of another category of wastes, called "First Third wastes," we have found no support for that contention in the pleadings or in the district court's ruling below.

In their brief on the issue of mootness, plaintiffs also implied that the lawsuit challenged the broader language contained in another LDR provision as well. *See* Ala.Admin.Code 14–9–.06 ("All wastes subject to the disposal restriction of 40 C.F.R. Part 268 must have the mandated pretreatment of 40 C.F.R. Part 268 prior to land disposal in the State of Alabama."). This section was adopted several months after this lawsuit was filed, however; and we see no indication from the pleadings that this regulatory provision was a subject of this suit.

now in harmony with the corresponding EPA regulations, the constitutional challenge to the LDR regulations on preemption grounds is moot. But, plaintiffs claim that the circumstances of this case fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. We agree with plaintiffs and, therefore, decline defendants' invitation to revisit that portion of our opinion.

At the outset, we note that plaintiffs "have sought, from the very beginning, *declaratory* relief as well as an injunction," thereby requiring us "to decide the appropriateness and the merits of the declaratory request irrespective of [our] conclusion as to the propriety of the injunction." *See Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 121, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974) (emphasis in original). The Supreme Court has held that where the need for injunctive relief is apparently mooted,

> The [remaining] question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' And since this case involves governmental action, we must ponder the broader consideration whether the short-term nature of that action makes the issues presented here 'capable of repetition, yet evading review,' so that petitioners are adversely affected by government 'without a chance of redress.'

*Id.* at 122, 94 S.Ct. at 1698 (citations omitted).

To satisfy the "capable of repetition, yet evading review" exception to mootness, the Supreme Court has required that (1) there be a " 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party," and that (2) the "challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration." *Murphy v. Hunt,* 455 U.S. 478, 482–83, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353 (1982) (citations omitted).

The first part of this test has already been satisfied. Though there is no longer a live controversy over disharmony between EPA variances and the challenged LDR regulations, the EPA has already adopted additional national variances exempting from pretreatment requirements other types of hazardous wastes. *See* 40 C.F.R. § 268.34(d) (variance for "Second Third wastes"); 54 Fed.Reg. 26,594, at 26,-639–40 (June 23, 1989) (same); 40 C.F.R. § 268.35(d), (e), (h) (variance for "Third Third wastes"); 55 Fed.Reg 22,520, at 22,-533, 22,649–50 (June 1, 1990) (same). Alabama has once again adopted the national pretreatment standards for these additional types of wastes, and Alabama has once again rejected the EPA-granted variance. *See* Ala.Admin.Code R. § 14–9–.03(5)–(6). Alabama has also adopted two LDR regulations since this lawsuit was filed that purport to reject EPA variances inconsistent with Alabama LDR regulations. *See* Ala. Admin.Code R. 14–9–.06 ("All wastes subject to the disposal restrictions of 40 C.F.R. Part 268 must have the mandated pretreatment of 40 C.F.R. Part 268 prior to land disposal in the State of Alabama."); *id.* § 14–9–.00 ("Any provision of 40 C.F.R. which is inconsistent with the provisions of [ ] Administrative Code Rule 335–14–9–.06 is not incorporated herein by reference."). The parties in this case are still involved in ongoing disputes about the extent to which a state, given EPA regulations and variances on point, can interfere with the operation of waste disposal facilities. Thus, a sufficient likelihood exists that plaintiffs will again be harmed "in a similar way." *See generally Honig v. Doe,* 484 U.S. 305, 323, 108 S.Ct. 592, 604, 98 L.Ed.2d 686 (1988) (discussing "capable of repetition" standard).

The second part of the "capable of repetition, yet evading review" test is also satisfied by the facts of this case. The history of this litigation suggests that EPA variances are probably too short-lived for the conflict between the federal and state regulation to be resolved by careful consideration in federal court before the variances expire and the conflict disappears. For example, the existing EPA variance for

"Second Third wastes" expires on June 8, 1991, *see* 54 Fed.Reg. at 26,639–40, and the Alabama regulation that did not adopt this variance was enacted on October 31, 1990, leaving only a little more than seven months *for judicial resolution of the state-federal conflict.*

Because we see the controversy involved here as one "capable of repetition, yet evading review," we reject defendants' suggestion that the portion of our opinion addressing the challenge to certain of Alabama's LDR regulations has become moot. We believe incidentally that our discretion in deciding the issue of mootness is particularly broad when, as here, there are other issues in the appeal that are plainly not moot so that we are not faced with the question of the existence of a case or controversy for the purposes of jurisdiction over the appeal as a whole. *See generally Powell v. McCormack,* 395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–53, 23 L.Ed.2d 491 (1969) ("Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy.").

## II. Pre–Approval Regulations

█ Even though we decide today not to revisit the portion of our original opinion addressing the challenge to Alabama's LDR regulations, we agree with defendants that we must reconsider our holding on the constitutionality of Alabama's "pre-approval regulations." As outlined in our original opinion, 910 F.2d at 722–25, the pre-approval regulations require waste generators to obtain Alabama's approval before disposing of wastes at commercial facilities in Alabama. *See* Ala.Admin.Code R. 14–3–.08.

We held that the pre-approval regulations did not facially discriminate against interstate commerce, requiring us to determine their constitutionality by use of a balancing test: *"If we find a legitimate local purpose,* 'the extent of the burden [on interstate commerce] that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser

impact on interstate activities.' " 910 F.2d at 724 (emphasis added) (quoting *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970)). We noted that "Alabama's only formally stated reason for adoption of the regulations—and the only reason argued to this court—was to facilitate enforcement of the LDR regulations, which are themselves unenforceable." 910 F.2d at 725. With the expiration of the several EPA variances, at least a portion of the LDR regulations are now in harmony with EPA regulations and are lawfully enforceable. As a result, our stated reason for concluding there existed no local purpose for the pre-approval regulations has been undercut.

The district court did not address what burden the pre-approval regulations imposed on interstate commerce, concluding without comment that both the LDR regulations and pre-approval regulations were constitutional. The extent of the burden on commerce was not a material issue in our original opinion because the pre-approval regulations lacked a legitimate local purpose. After reviewing the record, we are convinced that there now exists a genuine issue of material fact: the extent of the burden imposed on interstate commerce by the pre-approval regulations.

Our original opinion disposed of the challenge to the pre-approval regulations by vacating summary judgment for defendants and remanding to the district court. Because "no material issues of fact remain[ed]," 910 F.2d at 725, we instructed the district court to enter summary judgment for plaintiffs. We now modify that disposition as follows: part II–C of our original opinion is hereby withdrawn; the district court's grant of summary judgment to defendants on the constitutionality of the pre-approval regulations is VACATED; and we REMAND to the district court for further proceedings on the remaining issues: the extent of the burden imposed by the pre-approval regulations on interstate commerce and the constitutionality of those regulations.

Except to the extent that our original opinion has been modified in this order, the petition for rehearing is DENIED.

IT IS SO ORDERED.