**KEY ENTERPRISES OF DELAWARE, INC., Plaintiff–Appellant,**

v.

**VENICE HOSPITAL, Sammett Corporation and Medicare Patient Aids Center, Defendants–Appellees,**

**Gulf Area Diversified Services, et al., Defendants.**

**No. 89–3086.**

United States Court of Appeals, Eleventh Circuit.

Dec. 1, 1993.

Anthony E. DiResta, Morris, Manning & Martin, Bryan G. Harrison, Atlanta, GA, for amicus curiae, Consumer Federation of America, et al.

Herbert T. Schwartz, Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., for Venice Hosp. & Medicare Patient Aids Center.

Lynn Snyder, William G. Kopit, Washington, DC, for Sammett Corp. & Medicare Patient Aid Center.

William Bell, Tallahassee, FL, for amicus curiae, Florida Hosp. Ass'n.

Richard Garland, Dickinson & Gibbons, Sarasota, FL, amicus curiae, for appellee Venice Hosp.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, and CARNES, Circuit Judges *, and CLARK **, Senior Circuit Judge.

PER CURIAM:

In this multi-defendant antitrust case, the plaintiff appealed a judgment for the defendants entered pursuant to the defendants' motion for judgment notwithstanding the verdict. After a panel of this court reversed the district court, and while a petition for rehearing en banc was pending, the plaintiff and one of the defendants entered into a settlement agreement. Because the settling parties terminated this case when they entered into the settlement agreement, we now conclude that our order taking the case en banc improvidently issued. At the time we entered the order, no case or controversy existed. In this circuit, when a case becomes moot after the panel publishes its decision but before the mandate issues, we dismiss the appeal, vacate the district court's judgment, and remand to the district court with instructions to dismiss the case. We follow that procedure here.

The law controlling our decision in this case is relatively easy to state and has been applied consistently and summarily by this court in numerous cases. This case, however, is more complex because of the somewhat

Christopher K. Kay, Michael J. Beaudine, Orlando, FL, for plaintiff-appellant.

C. Scott Sykes, Irving, TX, for amicus curiae, Voluntary Hospitals of America, Inc.

---

* Judge Black recused herself and did not participate in this decision.

** Senior U.S. Circuit Judge Clark elected to participate in this decision pursuant to 28 U.S.C. § 46(c).

confused status of the controversy before the court.

## I.

This case involves the marketing of durable medical equipment in the Venice, Florida, area. Key Enterprises of Delaware, Inc., d/b/a Venice Convalescent Aids Medical Supply (VCA), brought suit on July 3, 1985, against Venice Hospital, Medicare Patient Aid Center (MPAC), and MPAC's parent, The Sammett Corporation (Sammett).[1] VCA claimed that, through a joint venture between Venice Hospital and MPAC, the defendants violated federal antitrust law and Florida law. A jury agreed and found Venice Hospital, Sammett, and MPAC liable for violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2 (1988); and for tortious interference with business relations under Florida law. The jury awarded VCA $760,983, which the district court trebled on the antitrust counts for a total of $2,282,949. The district court granted the defendants' motion for judgment notwithstanding the verdict. VCA appealed. Following oral argument, a panel of this court reversed and directed the district court to enter judgment for the plaintiff in accordance with the jury's verdict. *Key Enterprises of Del., Inc. v. Venice Hosp.*, 919 F.2d 1550, 1568–69 (11th Cir.1990) (*Key I*), *rehearing granted and vacated by Key Enterprises of Del., Inc. v. Venice Hosp.*, 979 F.2d 806 (11th Cir.1992) (*Key II*). The defendants filed a Petition for Rehearing and Suggestion for Rehearing En Banc (Petition for Rehearing), and we stayed the mandate pending consideration thereof. *See* Fed.R.App.P. 41(a). This decision concerns what happened thereafter.

## A.

Settlement negotiations between VCA and Venice Hospital began after the panel published its decision in *Key I* reversing the district court's judgment. During the negotiations, the district court's final judgment remained in effect and, because the panel's mandate had not issued, continued to provide that VCA take nothing. The settling parties, however, proceeded on the assumption that VCA already had prevailed (that is, as if the panel's decision reinstating the jury's verdict had taken effect).

On September 4, 1991, VCA moved this court to enforce a settlement agreement it had purportedly reached with Venice Hospital—the first of two such agreements presented to the court.[2] Venice Hospital asserted that no agreement had been reached and opposed VCA's motion. In its motion, VCA described an agreement requiring Venice Hospital (1) to pay $3.2 million *in full satisfaction of the judgment* against the Hospital, and (2) to move the court, on mootness grounds, to permit it to withdraw its Petition for Rehearing.[3]

VCA seemed to operate under the assumption that, if the purported settlement rendered the case moot pending our decision whether to rehear the case en banc, the panel's opinion would become law because the mandate would issue. Indeed, VCA believed that it would be able to require this court to decide the case in accordance with its dictates. Even though we had not yet acted on the petitions for rehearing and suggestion for rehearing en banc, under VCA's proposed procedure, the panel's decision would become the law of this circuit and the district court would enter judgment for VCA, which Venice Hospital would then satisfy as

---

**1.** VCA originally stated claims against eight other parties who are no longer in the case.

**2.** VCA stated that Venice Hospital had breached the agreement, and it moved the panel to enforce the settlement. Venice Hospital denied that it was bound by any agreement, argued that we lacked jurisdiction to enforce the agreement, and asserted that, at most, we should order the district court to conduct an evidentiary hearing to resolve the issue.

**3.** VCA attached to its Motion to Enforce two motions, which it and Venice Hospital were to

file, that were designed to effectuate the settlement: (1) a "Joint Motion for Withdrawal of Petition for Rehearing and Suggestion for Rehearing En Banc, and for Immediate Issuance of the Mandate," and (2) a "Joint Motion for Involuntary Dismissal of [the Sammett and MPAC] Petition for Rehearing and Suggestion for Rehearing En Banc." Contrary to our precedent, *see* part II, *infra*, both motions sought issuance of the panel's mandate reversing the district court, with interest and costs on appeal.

contemplated by the settlement agreement. In addition, while the agreement had been struck only between VCA and Venice Hospital, VCA inexplicably intended that the judgment it proposed the district court enter would apply to Sammett and MPAC as well.

Before we could rule on VCA's Motion to Enforce, VCA and Venice Hospital resolved their differences and entered into a settlement.[4] In accordance with this agreement, (1) Venice Hospital wired into a trust account the sum of $3,272,111.11 (which included the antitrust damages as determined by the jury and trebled by the district court, amounting to $2,282,949, plus VCA's claimed taxable costs and attorney's fees through appeal, but excluded post-judgment interest); (2) Venice Hospital moved to withdraw its Petition for Rehearing, requested that the Sammett and MPAC Petition for Rehearing be involuntarily dismissed, and asked that the panel's mandate issue forthwith;[5] and (3) VCA agreed to give Venice Hospital a satisfaction of judgment after the case was returned to the district court. The agreement did not require VCA to execute a release of any kind, thus enabling VCA to pursue additional claims against Venice Hospital (as well as Sammett and MPAC).

After considering the joint motions, the panel held that "a settlement that requires withdrawal of a joint petition for rehearing and issuance of a mandate ... would result in preventing consideration of the [Petition] filed by two of the appellees [Sammett and MPAC]," and denied the motions without prejudice. We then took the case en banc to resolve the antitrust issues the case presented. *Key II*, 979 F.2d at 807.

B.

A careful analysis of the settlement agreement, as reported to this court in the joint motions by VCA and Venice Hospital, reveals that this court should not have taken this case en banc; rather, the court should have dismissed the appeal. The representations by VCA and Venice Hospital in their *joint motions indicate that the settlement agreement fully disposed of VCA's claims and, therefore, that no case or controversy remained at the time we decided to grant rehearing.* Instructively, the Joint Motion for Involuntary Dismissal stated that:

> Based on the agreement reached between Appellant [VCA] and Appellee Venice Hospital, the balance of the Petition for Rehearing and Suggestion for Rehearing *En Banc,* brought by the remaining Appellees, Sammett and MPAC, *is moot.* [VCA] has agreed to execute a Satisfaction of Judgment ... with respect to the liability and damages found by the jury in favor of [VCA] and against *all the Appellees* in March, 1988. There is no justiciable case or controversy remaining. . . .

Joint Motion for Involuntary Dismissal at 2 (emphasis added). Additionally, the parties attached to this motion a proposed Judgment and a proposed Satisfaction of Judgment, documents which taken together confirm that the settlement constituted a full—not partial—payment and satisfaction of all of VCA's claims, and that no residual issues remained to be litigated.[6] Through their joint motions, the settling parties indicated that VCA and Venice Hospital had reached a settlement that fully satisfied VCA's claims, including interest, costs, and attorneys fees through this appeal.[7] Therefore, this case was, and

4. The terms of the settlement were almost identical to those of the "agreement" VCA had attached to its Motion to Enforce.

5. Venice Hospital and VCA executed and filed joint motions (a) "for Withdrawal of Appellee Venice Hospital's Petition for Rehearing and Suggestion for Rehearing En Banc, For Withdrawal of [VCA's] Motion to Enforce Settlement Agreement [which VCA had filed on September 4, 1991] and [Venice Hospital's] Opposition Thereto, and for Immediate Issuance of Mandate," (Joint Motion to Withdraw), and (b) "for Involuntary Dismissal of [the Sammett and MPAC] Petition for Rehearing and Suggestion for

Rehearing En Banc," (Joint Motion for Involuntary Dismissal).

6. Both joint motions stress that this settlement agreement covers all claims litigated in the instant case and decided by the jury but does not preclude future claims against the same defendants in any other suit that the plaintiff might bring.

7. In their Joint Motion for Withdrawal, VCA and Venice Hospital state that Venice Hospital "has agreed to fully pay Appellant [VCA] the damages awarded Appellant by the jury, trebled to

is, moot and our decision to rehear en banc the substantive antitrust issues the case presented was improvident. *See Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Although the joint motions demonstrate that no controversy remains, Sammett and MPAC nevertheless opposed the joint motions, apparently because of the settling parties' request for issuance of the panel's mandate and entry by the district court of a judgment against them. Sammett and MPAC feared that VCA would file (and, in fact, has since filed) a second, similar lawsuit based upon a continuation of the conduct addressed in this case. Depending on the similarity of the claims raised in the two cases, the district court's judgment in the instant case could have issue preclusion effects against Sammett and MPAC, and the panel's opinion might confirm that VCA had stated cognizable claims for relief.

To oppose the joint motions, Sammett and MPAC insisted that a case or controversy remained, referring to language in the joint motions which suggests that VCA reserved its rights to seek a judgment, "additional" costs, and attorneys' fees from Sammett and MPAC. They argued that this reservation raised a controversy sufficient to preclude dismissal of the appeal. Yet, consistent with its claim that no controversy remains, VCA "reserved" these rights only as an alternative should the court decide to dismiss the appeal as to Venice Hospital and continue proceedings as to MPAC and Sammett.[8]

In this strange situation, Sammett and MPAC admit that a case or controversy continues between them and VCA, if at all, only because of this court's decision to order this case reheard en banc; otherwise, all fees and costs at issue would have been covered by the settlement agreement. The point at which our jurisdiction is to be determined, however, is not the present but rather the moment the case settled. As the discussion above demonstrates, no case or controversy remained at that time.[9] When we say that the order to take the case en banc improvidently issued and that the panel should have dismissed the appeal, we in effect return the case to the status it occupied when VCA and Venice Hospital informed the court that the controversy had been settled. At that point in time, there was no issue of law or fact over which the parties were still fighting.

## C.

On February 5, 1993, the en banc court asked the parties *sua sponte* "whether any party ha[d] an objection to the appeal being dismissed." We also invited the parties to consider *In re Ghandtchi,* 705 F.2d 1315

$2,282,949, plus Appellant's taxable costs, including its attorneys fees through appeal, but excluding any postjudgment interest." Postjudgment interest would naturally be excluded because the settlement contemplated that the judgment would be paid instanter on entry of judgment in the district court. The requested judgment, to be entered after the case was returned to the district court, would be for the aforementioned sum of money (disposing of all of the substantive claims at issue in the case), "with interest to accrue thereon from March 23, 1988 [the date of the superseded jury verdict], at a rate of 6.71% as provided by law, and his [sic] costs of action, including his [sic] attorneys fees through appeal."

On reaching the settlement, Venice Hospital placed $3.2 million in a trust account, an amount that would constitute "full payment and satisfaction" of all claims, thus compensating VCA for all injuries it had suffered (the vacated jury verdict merely providing a benchmark for just compensation), and covering interest on that amount

(again using the date of the jury verdict as a benchmark for the date of accrual) as well as attorney's fees and costs. The settlement was designed to satisfy all claims made by VCA in this case; clearly, by its terms, it resolved the entire controversy between the parties.

8. In the Joint Motion for Involuntary Dismissal, the settling parties state that "[i]n the alternative, [VCA] reserves its full rights ... to pursue the entry of Judgment against [Sammett and MPAC], ... which Judgment would include the additional taxable costs, including attorneys fees, incurred by [VCA] through the duration of this appeal, plus the recovery of interest on the judgment amount from ... the date on which the original judgment was entered in favor of [VCA]." Joint Motion at 3.

9. Of course, we had jurisdiction to determine whether, as VCA and Venice Hospital represented in their joint pleadings, the case had settled and, thus, that no case or controversy remained.

(11th Cir.1983), and *Dunn v. Blue Ridge Tel. Co.*, 888 F.2d 731 (11th Cir.1989). Sammett and MPAC, jointly, and VCA, responded to our inquiry; Venice Hospital did not. In both responses, the parties expressed concern for the potential res judicata effects a judgment entered in the district court (pursuant to the panel opinion as VCA proposed) would have in the second suit VCA has brought, which is now pending in the district court against Venice Hospital, Sammett, and MPAC. In that suit, VCA alleges a continuation of the conduct that gave rise to the instant case. *See Key Enterprises of Del., Inc. v. Venice Hospital*, Case No. 92–479–CIV–T–17B (M.D.Fla., filed Apr. 17, 1992) (*Key III*).

In its response to our request, VCA discards the arguments it made with Venice Hospital in the joint motions and repudiates its explicit representations that no justiciable controversy remained once they reached their settlement. Instead, VCA argues that a controversy remains (much as Sammett and MPAC had argued in their opposition to the joint motions earlier). VCA states that:

> If this case was ever moot based on the settlement between VCA and Venice Hospital, it was only while the Appellees' Petition for Rehearing *En Banc* was still pending.... The unanimous panel's decision remained the law of the case and liability remained fixed against Appellees Sammett and MPAC. If there was no justiciable case or controversy at that time following the settlement with Venice Hospital, there certainly is one now in light of the denial of the Joint Motion for Involuntary Dismissal, the granting of the Petition for Rehearing *En Banc*, and the vacation of the panel's decision. VCA vigorously opposes each of those actions, and it urges this court to reinstate the panel's decision.

VCA's Response at 2. VCA's response also directly contradicts representations it made in the Joint Motion for Involuntary Dismissal. In that motion, VCA declared that the case is moot and that "no justiciable case or controversy remains." Now, VCA declares that:

> VCA's settlement with Venice Hospital was premised on VCA's ability to fully

pursue its appellate rights against Sammett and MPAC, and to obtain a judgment for damages against said Appellees. To dismiss this appeal now, after rehearing *en banc* has been granted, would cause VCA undue and tremendous prejudice.

VCA's Response at 2.

■ Of course, VCA is just plain wrong in its response. During the stay of the panel's mandate and our consideration of the Petition for Rehearing, the panel's decision was inoperative, in that it did not fix liability against any appellee. Pending issuance of the mandate, the district court's judgment for the appellees remained intact. Moreover, because the panel's mandate had not issued, the panel's decision was never the "law of the case." And, contrary to VCA's urging, once we have granted rehearing en banc, our precedent precludes the reinstatement of a panel opinion unless we reach the merits and conclude that the panel correctly stated the law. *Cf. Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 714 n. 3 (11th Cir.1990). Furthermore, VCA seems to admit that the only remaining controversy between it and Sammett and MPAC concerns the attorney's fees and costs incurred after we took the case en banc. There would have been nothing left about which to argue, however, had VCA been straightforward, informing the court in the first place that the case had been settled and that the law of this circuit called for dismissal. We now turn to a discussion of the law that governs our disposition of this appeal.

## II.

Precedent in this circuit makes clear that, when a case becomes moot during the appeal process, the proper response is for this court to dismiss the case. *See* Fed.R.App.P. 11th Cir.R. 41–2 ("In any appeal dismissed by the court because it lacks jurisdiction, no mandate shall issue, but the order of dismissal shall be issued in lieu of the mandate."). We have stated that "[w]here a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment,

and remand with instructions to dismiss the case as moot." *Ghandtchi*, 705 F.2d at 1316. The same result obtains when a case is mooted at a later stage of the review process. The *Ghandtchi* court concluded that vacation for mootness was appropriate "where mootness occurred after an appellate court had issued a decision but before the losing party could seek en banc reconsideration and before the mandate had issued." [10] *Id.* Accord *National Solid Wastes Management Ass'n v. Alabama Dept. of Environmental Management*, 924 F.2d 1001, 1002 n. 1 (11th Cir. 1991). This procedure has been followed when mootness results from a settlement of the case by the parties. For example, in *Dunn*, 888 F.2d at 732, the case was settled after the published panel opinion had been vacated by this court's order granting rehearing en banc. The en banc court vacated the judgment of the district court and remanded the case with instructions that it be dismissed.[11]

This result is consistent with Supreme Court teaching and practice. The Supreme Court itself employs the vacation procedure described above when a case it has decided to review becomes moot before decision. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950). *See also City Gas Company of Florida v. Consolidated Gas Co. of Florida, Inc.*, 499 U.S. 915, 111 S.Ct. 1300, 113 L.Ed.2d 235 (1991) (applying *Munsingwear*). And the Court has instructed generally that "[w]here it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause

with directions to dismiss." *Duke Power Co. v. Greenwood County, S.C.*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). *See also Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 92–93, 99 S.Ct. 2149, 2149–50, 60 L.Ed.2d 735 (1979).[12] Furthermore, the Court maintains, to allow the district court judgment to remain in effect after an appellate court has dismissed an appeal on mootness grounds is "totally at odds with the holding of *Duke Power*." *Great Western Sugar*, 442 U.S. at 93, 99 S.Ct. at 2150. Both the appeal and the underlying district court case must be dismissed.

These principles are easy to apply in this case, which became moot at the time the settlement was reached. The settling parties requested in their joint motions that the court issue the mandate called for by the panel's opinion. Their settlement contemplated the entry of a judgment in the district court which Venice Hospital would satisfy, but our precedent precludes the granting of the settling parties' request. Because the case became moot after the panel published its decision but before the mandate issued, we dismiss the appeal, vacate the district court's judgment, and remand to the district court with instructions to dismiss the case.

III.

■ Because the precedential force of appellate decisions extends beyond any one controversy, we will not permit parties to a specific suit, or their counsel, through an agreement or otherwise, to control our statement of the law. *See Ethredge v. Hail*, 996

---

**10.** VCA misstates *Ghandtchi* to "require[ ] dismissal '[w]here a case becomes moot after the district court enters judgment but before the appellate court has issued a decision.'" VCA's Response at 3 (quoting *Ghandtchi*, 705 F.2d at 1316). In *Ghandtchi*, however, the panel simply applied the quoted language as an analogy to its circumstances. There, the panel considered a government motion to dismiss an appeal as moot filed after the panel had decided the merits of the appeal but before the time in which the parties could seek rehearing en banc had expired.

**11.** This court has followed this vacation procedure in numerous cases in which a settlement was reached while the case was on appeal. *See, e.g., Baxter Healthcare Corp. v. Healthdyne, Inc.*,

956 F.2d 226 (11th Cir.1992) (granting joint motion to withdraw appeal and to dismiss based on settlement); *Kimbrough v. Bowman Transportation, Inc.*, 929 F.2d 599 (11th Cir.1991) (granting settling parties' joint motion to withdraw suggestion of rehearing en banc); *In re Shelby Motel Group, Inc.*, 925 F.2d 1583 (11th Cir.1991).

**12.** The appellate court practice of setting aside a judgment and remanding a case with directions to dismiss when it appears on appeal that a controversy is moot "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *Munsingwear*, 340 U.S. at 40, 71 S.Ct. at 107.

F.2d 1173 (11th Cir.1993). Given that nothing was at stake for any party after the settlement of this case, any opinion of this court would be purely advisory—an outcome precluded by the Constitution. When a case settles, we dismiss both the appeal and the district court's judgment to ensure that the "rights of all parties are preserved." *Ghandtchi*, 705 F.2d at 1316 n. 1 (citing *Munsingwear*, 340 U.S. at 40, 71 S.Ct. at 107). The actions of the parties in this case illustrate all to well the wisdom of this approach.

When the settling parties filed the joint motions, no case or controversy existed. Consequently, we no longer had jurisdiction over the issues presented and should have immediately dismissed the appeal in accordance with *Ghandtchi.*[13] Nevertheless, we denied the settling parties' motions and ordered that the issues presented be reheard en banc. Because we lacked a case or controversy at that time, we now vacate the order granting en banc review and return the case to the panel with instructions that it dismiss the appeal, vacate the district court's judgment, and remand the case to the district court with instructions to dismiss the case.

IT IS SO ORDERED.

---

**13.** While our inquiry is limited to the status of the controversy prior to our grant of rehearing en banc, we note that the settling parties' subsequent actions were consistent with their representations in the joint motions. In its en banc brief, VCA states that Venice Hospital has placed the $3.2 million contemplated by the settlement agreement into a trust account, and that the settlement has been "consummated." Venice Hospital's actions speak for themselves—the hospital did not file an en banc brief and did not appear at oral argument. Indeed, Venice Hospital believed it no longer had standing before us and even moved the court for leave to file an Amicus Curiae brief. While we granted Venice Hospital's motion to proceed as an Amicus Curiae, we now note that although our local rules provide for the dismissal of an appellant, *see* Fed.R.App.P. 11th Cir.R. 42–1, the rules do not provide for the voluntary withdrawal of an appellee. Venice Hospital, therefore, remains an appellee.