**FLAGSHIP MARINE SERVICES, INC. d/b/a Sea Tow Services, of Lee County, Plaintiff–Appellant,**

**v.**

**BELCHER TOWING COMPANY, Belcher Oil Co., M/T.E.N. Belcher Jr., her engines, tackle, appurtenances, etc., Barge 10, her engines, tackle, appurtenances, etc., Barge 18, her engines, tackle, appurtenances, etc., Defendants–Appellees,**

**Belcher Towing Company, Claimant.**

No. 93–5015.

United States Court of Appeals, Eleventh Circuit.

June 3, 1994.

Neil O. Bowman, Miami, FL, for appellee.

George O. Mitchell, Bruce R. Marx, Mitchell, McAlpin & Associates, Miami, FL, for Belcher Towing.

Before TJOFLAT, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Sea Tow brought a maritime salvage case against Belcher in the Southern District of Florida. After the first trial, the district court awarded Sea Tow $125,000 for the voluntary salvage of the tug *E.N. Belcher, Jr. Flagship Marine Services, Inc. v. Belcher Towing Co.*, 761 F.Supp. 792 (S.D.Fla.1991). On appeal we reversed the award, holding that Sea Tow and Belcher had an oral contract that precluded Sea Tow from recovering for voluntary salvage. *Flagship Marine Services, Inc. v. Belcher Towing Co.*, 966 F.2d 602, 606 (11th Cir.1992). The case was remanded to the district court for a determination of the appropriate damages under the agreement.

On remand, the district court held an evidentiary hearing, after which it entered a judgment in favor of Sea Tow for $24,281.

Sea Tow then filed a notice of appeal in this Court. Before the case could be argued, however, the parties settled their differences, and Sea Tow filed a motion to dismiss the appeal. In an unpublished order, dated March 25, 1994, we dismissed the appeal, and citing *Key Enterprises of Delaware, Inc. v. Venice Hospital,* 9 F.3d 893 (11th Cir.1993) (en banc), we also vacated the opinion in the prior appeal, as well as the judgment entered by the district court on remand.

Belcher has now filed a "Motion to Reinstate Precedent," arguing that the prior panel opinion, 966 F.2d 602, should not have been vacated, even though the case was settled after remand. We agree. The present situation is different from that in *Key Enterprises.* In *Key Enterprises,* the case was settled after a panel decision had been published but before the mandate issued. We held that the appeal should be dismissed and the prior panel opinion vacated, because once the case was settled, no case or controversy remained and the Court lost jurisdiction over the issues raised in the appeal. *Id.* at 900. The prior panel opinion, if it were allowed to stand, would have been purely advisory. *Id.* The present case, however, did not settle until after the mandate issued and the case was in the district court on remand. At the time the mandate issued, there was a live case or controversy, the prior opinion was therefore not advisory, and our decision became the law of the circuit.

Not only is reinstating the prior panel opinion in this case consistent with *Key Enterprises,* it also makes sense. Until the mandate issues, an appellate judgment is not final; the decision reached in the opinion may be revised by the panel, or reconsidered by the en banc court, or *certiorari* may be granted by the Supreme Court. When a case settles before the end of the appellate process, any opinion that has been produced should be vacated. It is a different story, however, where the appellate judgment has become final before the case settles. By surviving exposure to the full appellate process, the prior panel decision becomes the law of the circuit, and anything that happens thereafter on remand does not vitiate the effect of the prior appellate decision as pre-

cedent. We therefore hold that when a case is settled after the appellate mandate has issued, any opinion issued during that appeal should not be vacated.

Belcher's "Motion to Reinstate Precedent" is GRANTED, our order of March 25, 1994, is VACATED to the extent that it vacated the prior panel decision, and the opinion in *Flagship Marine Services, Inc. v. Belcher Towing Co.*, 966 F.2d 602 (11th Cir.1992) is REINSTATED.