PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-6560
_____

D.C. Docket No. CV-94-L-1265-S

BLUE CROSS AND BLUE SHIELD OF
ALABAMA, INC.,

                                        Plaintiff-Counter-Defendant-

Appellee,

                         versus

JOHN O. NIELSEN, D.M.D., Individually and
on behalf of all other persons who are similarly
situated,

                                        Defendant-Appellant,

KENNETH O. FRIDAY, GEORGE R. BOLLING,
individually and on behalf of all others similarly
situated,

                                        Intervenor-Defendants-
                                        Counterclaimants-Appellants,

COMPLETE HEALTH, INC., SAMUEL W.
SULLIVAN, M.D.,

                                        Movants.
                        ------------------------------
                        Appeal from the United States District Court
                         for the Northern District of Alabama
                        -------------------------------
                             **(June 9, 1998)**

Before CARNES, Circuit Judge, and HENDERSON and GIBSON[*], Senior Circuit Judges.[**]

_____

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[**]This matter is decided by a quorum consisting of Judges Carnes and Henderson. See 28 U.S.C. § 46(d); 11th Cir. R. 34-2.

PER CURIAM:

In this appeal from the district court's order granting summary judgment and declaratory relief in favor of Blue Cross and Blue Shield of Alabama, we previously certified to the Supreme Court of Alabama questions of state law upon which this case turns. See Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 116 F.3d 1406, 1413-14 (11th Cir. 1997). We are grateful for that court's thorough and dispositive answers to those controlling questions. See Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, ___So. 2d ___ (Ala. April 17, 1998).

By answering the first certified question in the affirmative and the second in the negative, the Alabama Supreme Court's decision authoritatively establishes that Blue Cross is exempt from the Alabama Provider Acts, which in turn dictates that we affirm the district court's declaratory judgment to that effect. Because the Alabama Provider Acts do not apply to Blue Cross, we need not and do not decide whether they would be preempted by ERISA if they did. See 116 F.3d at 1413 n.6 (stating that if Alabama Supreme Court determines that Blue Cross is exempt, then preemption issue is moot). However, the district court did reach the preemption issue, holding in the alternative that if the Provider Acts apply to Blue Cross they are preempted by ERISA. The providers, who are the appellants before us, have asked us to vacate the preemption part of the district court's decision. Their concern is that if the preemption part of the district court's decision is left standing, insurance companies to whom the Alabama Provider Acts do apply may attempt to use that holding against them in some future litigation. They say it would be unfair to leave them exposed to that possibility since resolution of the state law issues mooted their appeal of the preemption issue in this case, thereby depriving them of the opportunity to have appellate review of it. Their concern seems reasonable to us.

In United States v. Munsingwear, Inc., 340 U.S. 36, 71 S. Ct. 104 (1950), the Supreme Court

recognized that if, due to changed circumstances, an issue becomes moot while the case is on appeal, then vacatur of that decision is appropriate, in order to prevent it from "spawning any legal consequences." Id. at 40-41, 71 S. Ct. at 107; see also Key Enterprises of Delaware, Inc. v. Venice Hosp., 9 F.3d 893, 900 (11th Cir. 1993) (en banc) (noting that when case on appeal becomes moot, Court of Appeals vacates district court order to preserve rights of all parties). While the power to grant the equitable remedy of vacatur is not unlimited, see, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 27, 115 S. Ct. 386, 392-93 (1994), it is proper when a controversy has "become moot due to circumstances unattributable to any of the parties." Karcher v. May, 484 U.S. 72, 83, 108 S. Ct. 388, 391 (1987). Here, the act that rendered the preemption issue moot is the Alabama Supreme Court's holding that Blue Cross is exempt from the requirements of the Alabama Provider Acts. That holding is not attributable to the providers who did everything they could to prevent it. Cf. U.S. Bancorp, 115 S. Ct. at 392-93 (noting that when mootness is product of voluntary settlement, vacatur is often inappropriate because parties have voluntarily surrendered right to litigate). Therefore, vacatur of that part of the district court's order dealing with preemption is appropriate.

We AFFIRM the district court's judgment insofar as it declares that the Alabama Provider Acts are not applicable to Blue Cross, and we VACATE that part of its judgment declaring that if those acts did apply they would be preempted by ERISA. We REMAND with instructions that the district court reenter its judgment accordingly.