[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10844
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cv-62406-WJZ

JEFFREY STANLEY,

Plaintiff - Appellant,

versus

BROWARD COUNTY SHERIFF,
Scott Israel, in his official capacity,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 16, 2019)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jeffrey Stanley has alleged, in a complaint brought

pursuant to 42 U.S.C. § 1983, that the Defendant-Appellee Broward County

Sheriff's Office ("BSO") refused to rehire him due to his political activities in

violation of the First Amendment. In his first appeal to this Court, Stanley challenged the district court's grant of summary judgment to the defendants based on sovereign immunity. Stanley v. Israel, 843 F.3d 920 (11th Cir. 2016). We issued an opinion reversing and remanding the case to the district court, holding that sovereign immunity did not apply because the Broward County Sheriff (at the time, Al Lamberti) was not acting as an arm of the State when he was hiring and firing deputies in his capacity as chief correctional officer. Id. at 926, 931. On remand, the district court granted summary judgment after concluding that Stanley had withdrawn his damages claim and that his claims for equitable relief were moot. In his second appeal to this Court, Stanley argues that: (1) the district court erred on remand in applying the law-of-the-case doctrine to hold that Stanley had withdrawn his entire claim for damages and in denying him a trial on these claims; and (2) the district court erred in concluding that his claims for equitable relief are moot. After careful review, we affirm in part and reverse in part, and remand for further proceedings.

We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). We view all factual inferences in a light most favorable to the non-moving party. Id. Summary judgment is appropriate where there is no

2

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

We review the district court's interpretation and application of our mandate in a previous appeal de novo.  Winn-Dixie Stores, Inc. v. Dolgencorp, L.L.C., 881 F.3d 835, 843 (11th Cir. 2018).  We also review de novo whether a claim is moot. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

First, we agree with Stanley that the law-of-the-case doctrine does not foreclose his non-punitive damages claims in this case.  "The 'mandate rule,' as it is known, is nothing more than a specific application of the 'law of the case' doctrine." Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985) (citations omitted).  "This doctrine stands for the proposition that an appellate decision on an issue must be followed in all subsequent trial court proceedings."  Id.

However, the subject on which the appeals court speaks must be one that it is actually deciding.  In Lebron v. Sec'y of the Fla. Dep't of Children & Families, 772 F.3d 1352, 1360 (11th Cir. 2014), for example, a panel of this Court affirmed a ruling on summary judgment that granted a permanent injunction against enforcement of Florida's suspicionless drug testing of all applicants for Temporary Assistance for Needy Families.  In so doing, we noted that, while "a number of legal principles that apply equally to the issues presently before us" were discussed in an earlier opinion affirming a preliminary injunction in the same case, the prior panel had not been

3

"asked, and did not decide, the ultimate constitutionality of § 414.0652," the statute authorizing the testing. The Court explained that the law-of-the-case doctrine "is limited to issues actually decided by the appellate court, and discussion in dicta 'is neither the law of the case nor binding precedent.'" Id.

"As we've said, dicta is defined as those portions of an opinion that are not necessary to deciding the case then before us, whereas holding is comprised both of the result of the case and those portions of the opinion necessary to that result by which we are bound." Arthur v. Thomas, 674 F.3d 1257, 1274 (11th Cir. 2012) (quotations omitted). The mandate rule thus only applies if our prior opinion determined the issue, explicitly or by necessary implication. See Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). Nor would even a prior holding be binding on a trial court or a subsequent appellate panel if "the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1510 (11th Cir. 1987) (en banc).

Here, Stanley's complaint said that he was suing "for declaratory and injunctive relief, for compensatory damages, for punitive damages (only as to Mr. Lamberti in his individual capacity), and for his costs and litigation expenses." Then, in his response to the Sheriff's motion for summary judgment, Stanley said:

4

Al Lamberti, the former sheriff, was named as a punitive damages defendant -- a typographical-error relic from an earlier draft of the complaint prior to a decision to sue Mr. Lamberti only in his official capacity. Mr. Stanley withdraws that claim. Thus, BSO's punitive damages argument, and its qualified-immunity argument, which applies only to individual defendants, are both moot.

Later, this Court's opinion included the following description of Stanley's claims:

Stanley's complaint originally included five prayers for relief: (1) a declaratory judgment that Lamberti's actions violated Stanley's First Amendment rights; (2) an injunction against Lamberti, his successors, or his coworkers from retaliating against Stanley; (3) damages against Lamberti in his official capacity; (4) costs and fees against Lamberti in his official capacity; and (5) other relief as is just. Stanley later conceded that the third item, damages in Lamberti's official capacity, was a "typographical-error relic" from before the decision to sue Lamberti in only his official capacity, and he withdrew that claim. Thus, his remaining claims are for declaratory and injunctive relief, plus costs and fees.

Stanley, 843 F.3d at 923. On remand, the district court held that this language from our prior panel's opinion recounting the case's procedural history established as law of the case that Stanley's claim for damages was withdrawn.

As we see it, the prior panel's recitation of the procedural history of the case was not binding on the district court under the mandate rule. A close reading of our prior opinion reveals that our discussion of his damages claims was not necessary to the holding in that opinion, which was limited to a sovereign immunity issue. Sovereign immunity, as embodied by the Eleventh Amendment, prohibits suits against states, absent a congressional abrogation, see, e.g., Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1511-12 (11th Cir. 1986), or a state waiver,

5

id. at 1512. However, while damages awards against state officers sued in their official capacities are generally barred, state officials may be sued in their official capacities for prospective injunctive relief, but not for retrospective relief. Id. at 1511-12 (citing Ex parte Young, 209 U.S. 123 (1908)).

In the prior panel decision, this Court held that sovereign immunity did not bar suit against the Broward County Sheriff's Office because "a Florida sheriff is not an arm of the state when he is acting in his capacity of [Chief Correctional Officer] in the hiring and firing of his deputies." Stanley, 843 F.3d at 931. The Court, therefore, had no occasion to decide whether Stanley was entitled to or was even seeking any kind of relief -- in law or equity. Indeed, in the prior appeal, the Court remanded for the district court to assess on remand "whether Stanley's claims for declaratory and injunctive relief are moot, since it is unclear on this record whether Stanley has requested reinstatement or reapplied for his position." Id. at 931 n.1. Had the Court determined that all of Stanley's damages claims were withdrawn, leaving only his equitable claims, then the Court would have had no reason to perform the sovereign immunity analysis for only the equitable claims.

As we've said many times, "a federal court determination of a moot case would constitute an impermissible advisory opinion." Christian Coalition of Alabama v. Cole, 355 F.3d 1288, 1291 (11th Cir. 2004). So, "when a case becomes moot during the appeal process, the proper response is for this [C]ourt to dismiss the

case." Key Enters. of Del., Inc. v. Venice Hosp., 9 F.3d 893, 898 (11th Cir. 1993). Because the Court reached the sovereign immunity issue and answered it in the affirmative, and did not simply remand to the district court for a mootness analysis of the equitable claims, it appears that the Court, "by necessary implication," see, e.g., Transamerica, 430 F.3d at 1331, concluded that Stanley had not withdrawn his claim for damages. Or at the very least, the holding of the opinion indicates that the Court did not reach any conclusion on the damages sought. This seems especially true since Stanley's district court filing expressly provided that he was withdrawing his punitive damages claim only, despite the admittedly imprecise language used in the prior panel opinion. We, therefore, reverse the district court's application of the law-of-the-case doctrine to the non-punitive damages claims and remand for further proceedings.[1]

We are, however, unpersuaded by Stanley's argument that the district court erred in holding that his claim for injunctive relief is moot. "A case becomes moot, and therefore, nonjusticiable . . . when the issues presented are no longer live or the

---

[1] Because the district court held that Stanley's declaratory relief claim was moot in the absence of a live claim for damages or injunctive relief, we reverse that determination as well. To the extent Stanley argues that he is necessarily entitled to a jury trial on remand instead of summary judgment, he is mistaken; whether a trial is warranted depends on the facts developed by the parties and must be considered by the district court in the first instance. See Garvie v. City of Ft. Walton Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004) (holding, in a § 1983 case, that even though summary judgment "technically prevents the parties from having a jury rule upon those facts, there is no need to go forward with a jury trial when the pertinent facts are obvious and indisputable from the record").

parties lack a legally cognizable interest in the outcome." Wakefield v. Church of Scientology of Cal., 938 F.2d 1226, 1229 (11th Cir. 1991) (quotations omitted). Where past harm has occurred but "the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." Adler v. Duval Cty. School Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985).

As the record reveals, there are no material facts to support Stanley's claim that Sheriff Israel would continue to retaliate against Stanley now or in the future for his support in the 2008 election. It is undisputed Stanley has not reapplied since Sheriff Israel took office. Further, Sheriff Israel submitted a sworn declaration, undisputed by any material facts that attesting that he "would not have refused to rehire" Stanley based on his support in the election. As the district court correctly held, "Stanley has not offered any evidence that unlawful conduct has occurred at all under Israel. Israel need not prove voluntary cessation of a practice where Stanley has not done anything to show that said practice exists."

Nor are we persuaded by Stanley's reliance on Ford Motor Co. v. EEOC, 458 U.S. 219 (1982), Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury

Comm'rs, 622 F.2d 807, 825 (5th Cir. 1980),[2] or Sarteshi v. Burlein, 508 F.2d 110, 114 (3rd Cir. 1975). Ford -- holding that one accused of a constitutional violation can stop the continuing accrual of back pay damages by making an unconditional offer of employment -- dealt with one method by which Stanley's claim for injunctive relief could be rendered moot that did not occur. Stanley's failure to reapply with Sheriff Israel once Sheriff Lamberti left office was another way Stanley's claim for injunctive relief could be rendered moot. Moreover, both Ciudadanos Unidos de San Juan and Sarteshi rejected mootness asserted in motions to dismiss, not summary judgment motions. As the district court explained here, "Stanley has properly alleged that Israel is continuing the unlawful practice of his predecessor, but, now, at the summary judgment stage, there must be some indication that Israel has continued that unlawful practice." And, as the district court properly concluded at the summary judgment stage, "Stanley has not offered any evidence that unlawful conduct has occurred at all under Israel."

As for Stanley's claim that specific affirmative defenses from the Broward County Sheriff's Office contradict Sheriff Israel's sworn declaration and created a disputed issue of material fact, he has waived it by raising it for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

2004)).  In any event, the statement Stanley refers to -- that "Defendant would have made the same decision not to offer Plaintiff employment even if Defendant had not taken Plaintiff's alleged protective activity into account" -- is a denial of liability concerning Sheriff Lamberti's decision not to rehire Stanley when he was sheriff, not a hypothetical decision by Sheriff Israel had Stanley reapplied after Sheriff Israel took office.  For his part, Sheriff Israel attested in his sworn declaration that he "would not have refused to rehire [Stanley] nor otherwise infringed upon his civil rights because he supported me during the 2008 Sheriff's election, nor would I have allowed any other BSO employee to do so."  Stanley's reliance on the denial of liability in the amended answer cannot be relied upon to defeat summary judgment. Shiver, 549 F.3d at 1344 (explaining that if the party moving for summary judgment meets its burden of production, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor" to defeat summary judgment) (quotation omitted).[3]  We, therefore, affirm the district court's grant of summary judgment on Stanley's request for injunctive relief on the basis of mootness.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] To the extent Stanley relies on any statements in the earlier answer to the previous complaint, an "amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."  Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam).