BARKETT, Circuit Judge:
Sidney Gipson, William McGuirk, Timothy Guthery, and James Sasser (“Plaintiffs”) appeal the dismissal of their 42 U.S.C. § 1983 suit against Mike Hale, the Sheriff of Jefferson County, and the State of Alabama. Plaintiffs are civil detainees who have been convicted of a sex offense and have completed their terms of imprisonment but nonetheless are kept in state custody. The State keeps them detained pursuant to Alabama’s Community Notification Act (the “Act”), which requires individuals convicted of a sex offense to provide a residential address before the expiration of their sentence or else be “remanded to [] custody at the time of release.” Ala.Code § 15-20-22(a)(l)(a). Plaintiffs failed to provide the State with a residential address and, thus, have been kept in custody past the completion of their sentences.
Plaintiffs allege that they are unable to comply with the Act because they are indigent and therefore have no residential address. Proceeding under § 1983, they claim violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the Ex Post Facto Clause, and wrongful imprisonment. Specifically, Plaintiffs allege that the State is violating their constitutional rights by, inter alia, “automatically imposing incarceration because of indigent status and doing so without a hearing.” As relief they seek: (1) a procedure to determine whether they are indigent and if so, how they can comply with the Act without being indefinitely detained; and (2) a declaration that the Act which keeps them detained is unconstitutional because it fails to provide a hearing that addresses their indigency.
The district court held that, because 28 U.S.C. § 2254 is the exclusive remedy for claims where success for the plaintiffs necessarily means “either immediate release from that confinement or the shortening of its duration,” see Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), Plaintiffs were precluded from bringing their claim under § 1983, and dismissed the case. Because the district court erroneously applied Preiser to Plaintiffs’ claims, we reverse and remand.
DISCUSSION
Although the district court correctly recognized that § 2254 is the exclusive remedy for claims where success for the plaintiffs would necessarily demonstrate the invalidity of a conviction or shortening of a sentence imposed by a state court, see Preiser, 411 U.S. at 487-89, 93 S.Ct. 1827, that is not the claim that Plaintiffs are making here. The essence of Plaintiffs’ ease is a claim for procedural due process. The district court failed to appreciate that this claim, if successful, would not affect the validity of their conviction nor the resulting sentence imposed, and would not necessarily result in immediate release.[1] Indeed, the Supreme Court has specifically held that, under these circumstances, such a claim is not precluded by § 2254 and can properly be asserted under § 1983. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).
*1056 In Wilkinson, state prisoners brought an action under § 1983 seeking declaratory and prospective injunctive' relief, claiming that state parole procedures were unconstitutional. The district court in Wilkinson, as did the district court here, dismissed the inmates’ claims, ruling that the claims were only cognizable in a petition for habeas corpus under § 2254. The Supreme Court disagreed, holding “that § 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.” Id. at 81, 125 S.Ct. 1242 (emphasis in original). Thus, the Court reasoned, § 2254 did not preclude the pursuit of such a procedural claim in a § 1983 action. Id. at 82, 125 S.Ct. 1242. The Court in Wilkinson recognized that success for the plaintiffs could eventually lead to their release, but concluded that § 2254 .did not preclude their § 1983 action because the result of success in their § 1983 action would be an entitlement to a process, not immediate release. Id.[2] The Supreme Court also permitted the prisoners to seek declaratory relief — similar to the declaratory relief sought by Plaintiffs in this case — that the parole procedures were unconstitutional. Id. at 79-82, 125 S.Ct. 1242. Under Wilkinson, there is no question that Plaintiffs’ claims for due process and declaratory relief in this case were properly asserted under § 1983.
In a similar situation, the Sixth Circuit likewise held that § 1983 was available for a suit challenging the lack of indigency hearings for non-payment of court fines. Powers v. Hamilton Cnty. Pub. Defender Comm’n, 501 F.3d 592 (6th Cir.2007). The court in that case held that § 2254 did not preclude the plaintiff from asserting his claim under § 1983 because the plaintiff “challenge[d] the flawed procedures used to incarcerate him — that is, the lack of an inquiry into his ability to pay the court-ordered fine — and not his underlying conviction,” citing to Wilkinson. Id. at 599, 604. Just as in this case, success for the plaintiff in Powers “mean[t] only that the failure to grant [him] an indigency hearing was wrongful,” and therefore the case was properly brought under § 1983. Id. at 604-05.
For the same reasons, the district court improperly dismissed Plaintiffs’ claims in this case. Plaintiffs’ core claim is that they are entitled to a proceeding to address the Act and their indigency which, under Wilkinson, was properly asserted under § 1983. Contrary to the district court’s conclusion, Plaintiffs are not challenging their sex offense convictions or their (already served) terms of imprisonment. Therefore, as conceded by the parties, § 2254 is completely inapplicable in this case and cannot bar this § 1983 action.[3] For these reasons, the district *1057 court’s order dismissing this case is REVERSED and the case is REMANDED for consideration of Plaintiffs’ claims under § 1983.

. Indeed, all the parties now agree that § 2254 does not have any bearing in this case because Plaintiffs have completed their criminal sentences and therefore could not file a petition under § 2254. In order to file a habeas petition under § 2254, a person must be "in custody pursuant to the judgment of a State court ....” 28 U.S.C. § 2254(b)(1).

. See also Bradley v. Pryor, 305 F.3d 1287, 1291 (11th Cir.2002) (holding § 1983 available where plaintiff was seeking to compel the government to produce evidence for DNA testing even if the evidence might lead to the prisoner challenging his conviction and eventually being released).

. The State argues for the first time in its appellate response brief that 28 U.S.C. § 2241, a different habeas corpus statute, requires Plaintiffs to have brought their claims under that statute and to have exhausted their claims before filing suit in federal court. However, the State fails to indicate what possible type of exhaustion would be appropriate in a case such as this one involving civil detainees and no state court judgment or pending state proceeding, as in the cases cited by the dissent. Regardless, the State never presented this argument to the district court and therefore waived it on appeal. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1303-04 (11th Cir.2009) ("By failing to raise the issue to the district *1057 court, Appellants have waived their right to [present their] argu[ment] on appeal....”).