[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11144
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-01421-CV-LSC-S

SIDNEY GIPSON,
WILLIAM MCGUIRK,
TIMOTHY GUTHERY, and other
similarly situated individuals,
JAMES SASSER,

Plaintiffs-Appellants,

versus

JEFFERSON COUNTY SHERIFF'S OFFICE,
MIKE HALE, Jefferson County Sheriff,
in his official capacity,
STATE OF ALABAMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

Before EDMONDSON, BARKETT and ROTH,[*] Circuit Judges.

BARKETT, Circuit Judge:

We previously issued an opinion reversing in part the district court's dismissal of the plaintiffs' 42 U.S.C. § 1983 action against defendants Mike Hale, the Sheriff of Jefferson County, and the State of Alabama. Gipson v. Jefferson Cnty. Sheriff's Office, 613 F.3d 1054 (11th Cir. 2010). Still pending is the State's petition for rehearing.

When we issued our opinion in this case and when the State filed its petition for rehearing, the State had detained the plaintiffs pursuant to Alabama's Community Notification Act (the "Act"), which required individuals convicted of a sex offense to provide a residential address before the expiration of their sentence or else be "remanded to . . . custody at the time of release." Ala. Code § 15-20-22(a)(1)(a) (repealed by 2011 Ala. Acts 640). The plaintiffs' suit challenged their indefinite detention and the procedures available to them. The Act at the time lacked any procedures for homeless and indigent offenders to demonstrate their inability to comply with this requirement. However, the Alabama state government has recently revised the law to provide a procedure for homeless and indigent offenders who are unable to comply with the Act's other provisions to be

---

[*] Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

2

released at the expiration of their sentences.  See 2011 Ala. Acts  640 § 12.  We ordered the parties to submit supplemental briefs on the question of whether the case has become moot in light of the revisions to the law and changes in circumstances.

As a result of the change in the law, no plaintiff remains detained pursuant to the Act, and the parties all agree that there is no longer any active case or controversy and so the case is moot.  "In this circuit, when a case becomes moot after the panel publishes its decision but before the mandate issues, we dismiss the appeal, vacate the district court's judgment, and remand to the district court with instructions to dismiss the case."  Key Enters. of Delaware, Inc. v. Venice Hosp., 9 F.3d 893, 894 (11th Cir. 1993) (en banc); see also Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002).

Accordingly, we sua sponte **VACATE** our prior opinion, 613 F.3d 1054, **VACATE** the district court's order dismissing the plaintiffs' suit, **REMAND** with instructions to dismiss the case as moot, **DISMISS** the appeal, and **DENY** the petition for rehearing as moot.

**VACATED**, **REMANDED**, and **DISMISSED**.